# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUHAIL ABDU ANAM, et al.,

           Petitioners,

           v.

GEORGE W. BUSH, et al.,

           Respondents.

Civil Action 04-01194 (HHK)

**MEMORANDUM AND ORDER**

Before the court is a "Motion for Temporary Restraining Order to Compel Government to Approve Request for Counsel Visit to Guantanamo Bay Detention Facility October 8–10, 2005," filed by petitioners Emad Abdullah Hassan and Abdulaziz Abdoh Abdullah Ali Al Swidhi (collectively "Petitioners"). Also, incorporated within Petitioners' motion is a request for an order that would require the Government to permit their counsel to conduct their visit with petitioner Hassan in the hospital facility in which he is being treated, and with petitioner Swidhi if he is similarly situated, rather than in an interview cell that has been set aside and designated for such purpose. Upon consideration of the motion and the record of this case, the court concludes that the motion should be denied without a hearing.

**I.**

Petitioners' motion recites the concerns their counsel have for their physical welfare owing to Petitioners' participation in a hunger strike that is taking place at the Guantanamo Bay Detention Facility. During a visit by counsel from August 29, 2005 to September 2, 2005, Petitioner Hassan informed his attorney that he had refused meals for almost three weeks, and, as

of the morning of his meeting with counsel, was also refusing water. Further, "[he] indicated to Counsel that he would continue the strike for as long as it would take to get a satisfactory response from the government." Pet'rs' Mot. at ¶3. Petitioner Swidhi informed counsel that he had been on the hunger strike for almost two weeks as of the time of meeting with counsel and "expressed his intention to stop taking water on September 9, 2005." *Id.* at ¶4. According to counsel, "[h]e appeared gaunt and emaciated and much thinner than usual." *Id.* (citing Ex. A, Affidavit of Douglas C. Cox, at ¶6).

Concerned about these developments, by a letter dated September 26, 2005, Petitioners' counsel requested the "Government to keep them informed as to whether Petitioners are currently refusing meals, are currently hospitalized, if and when they may become hospitalized during the duration of the hunger strike, and if Petitioners receive intravenous fluids or are fed with the aid of a feeding tube at any time." *Id.* at ¶5 (citing Ex. B, 9/26/05 Letter to Andrew Warden). Counsel also requested information relating to Petitioners' medical treatment. *Id.* In response, the Government did not answer the specific questions posed by counsel, and, according to counsel, simply responded that "'Guantanamo is appropriately monitoring and providing medical treatment as warranted to preserve detainees' lives and health.'" *Id.* (quoting Ex. C, 9/29/05 Letter to Pamela Chepiga).[1]

Given the Government's "stonewalling" and because they learned from other habeas counsel who recently returned from Guantanamo that Petitioner Hassan was "continuing to

---

[1] Petitioner's characterization of the Government's letter is inaccurate. The Government's letter described in detail the process by which personnel at Guantanamo are monitoring each detainee's daily intake of food and water, the manner in which the Government is reacting to any fast or hunger strike, as well as the logic underlying the Government's refusal to provide continuous updates to Petitioners' counsel. *See* Ex. C., 9/29/05 Letter to Pamela Rogers Chepiga.

participate in the hunger strike, was being held in the hospital and was being involuntarily force-fed.," *Id.* at ¶6 (citing Ex. A, Affidavit of Douglas C. Cox at ¶8), Petitioners' counsel, on September 29, 2005, requested an expedited approval for a visit to Guantanamo to meet with Petitioners. The request was denied on September 30, 2005. This motion followed.

## II.

Petitioners' motion is denied for three reasons. First, in order to obtain the extraordinary remedy of an injunction, the movant must demonstrate four elements: (1) substantial likelihood of success on the merits; (2) that he will suffer irrevocable injury if the injunction is not granted; (3) that the injunction will not sufficiently harm other interested parties; and (4) that the public interest will be furthered by the injunction. *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). Petitioner's motion fails to address or even attempt to address any of these elements. While the court appreciates that the issues with which Petitioners are confronted are unique, they should not expect this court to rule favorably on any motion they might file that does not address governing legal principles. Needless to say, this court does not have a roving imprimatur to engage any concern Petitioners might have simply because it may appear to be a reasonable and correct thing to do.

Second, Judge Oberdorfer of this court recently addressed the issue of the appropriateness of this court's intervention into the Government's response to the hunger strike by Guantanamo Bay detainees. *El-Banna v. Bush*, 2005 U.S. Dist. LEXIS 21384 (D.D.C. Sept. 28, 2005). I agree with Judge Oberdorfer's rationale denying the requested intervention in that case, which rationale, in large measure, is equally applicable to Petitioners' request here.

Finally, the court is hard put to understand how Petitioners are entitled to injunctive relief to address an emergency situation which is of their own making and which they are able to set straight .

### III.

For the above stated reasons, it is this 5th day of October, 2005, hereby,

**ORDERED** that Petitioners' Motion for Temporary Restraining Order to Compel Government to Approve Request for Counsel Visit to Guantanamo Bay Detention Facility October 8–10, 2005 (#131) is **DENIED**.

Henry H. Kennedy, Jr.  
United States District Judge