# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SALEH ABDULLA AL-OSHAN *et al.*, | : | | |
| Petitioners/ Plaintiffs, | : | | |
| v. | : | Civil Action No.: | 05-0520 (RMU) |
| GEORGE W. BUSH *et al.*, | : | Document Nos.: | 52, 53 |
| Respondents/ Defendants. | : | | |

| | | | |
|---|---|---|---|
| NASSER MAZYAD ABDULLAH AL-SUBAIY *et al.*, | : | | |
| Petitioners/ Plaintiffs, | : | Civil Action No.: | 05-1453 (RMU) |
| | : | Document Nos.: | 15, 16 |
| v. | : | | |
| GEORGE W. BUSH *et al.*, | : | | |
| Respondents/ Defendants. | : | | |

| | | | |
|---|---|---|---|
| ABDULSALAM ALI ABDULRAMAN AL-HELA *et al.*, | : | | |
| Petitioners/ Plaintiffs, | : | Civil Action No.: | 05-1048 (RMU) |
| | : | Document Nos.: | 38, 40 |
| v. | : | | |
| GEORGE W. BUSH *et al.*, | : | | |
| Respondents/ Defendants. | : | | |

SAEED MOHAMMED SALEH HATIM :
*et al.*, :
                Petitioners/ : Civil Action No.: 05-1429 (RMU)
                Plaintiffs, :
                 : Document Nos.: 21, 23
     v. :

GEORGE W. BUSH *et al.*, :

                Respondents/ :
                Defendants. :
_____ :

SALIM MOHAMMED ADAM BIN AMIR :
*et al.*, :
                Petitioners/ : Civil Action No.: 05-1724 (RMU)
                Plaintiffs, :
                 : Document Nos.: 2, 7
     v. :

GEORGE W. BUSH *et al.*, :

                Respondents/ :
                Defendants. :
_____ :

## **MEMORANDUM ORDER**

### DENYING WITHOUT PREJUDICE THE PETITIONERS' MOTION TO COMPEL

This matter comes before the court on the petitioners' motion to compel the respondents to provide petitioners' counsel with access to the petitioners and for information regarding the petitioners' health. Petitioners' counsel claim that the petitioners have been engaged in an "open-ended refusal of both food and water."[1] Pet'rs' Mot. to Compel ("Pet'rs' Mot.") ¶ 3. For this reason, petitioners' counsel request access to their clients and medical records regarding their clients' health. Because this case is presently stayed and because the petitioners fail to persuade

---

       1      A colloquialism, the court presumes, for the term "hunger strike."

the court that they are entitled to the relief they seek at this time, the court denies without prejudice the petitioners' motion to compel.

## I. BACKGROUND

The petitioners are all detainees at Camp Delta at the United States Naval Station in Guantanamo Bay, Cuba ("GTMO"). Pet'rs' Mot. ¶ 1. The petitioners all filed writs of *habeas corpus* claiming that their detention violates the Constitution, laws, and treaties of the United States. *Id.* ¶ 2. The circumstances surrounding the petitioners' capture and transfer to GTMO are unclear.

Pursuant to 28 U.S.C. § 2243, the court ordered the respondents to file factual returns for all petitioners providing the factual justifications for their ongoing imprisonment at GTMO, and stayed the cases pending guidance from the D.C. Circuit.

On September 16, 2005, the petitioners filed a collective motion to compel information related to medical treatment. Because that motion cited no case law in support of the relief sought, the court ordered the petitioners to re-file their motion "with pertinent authority included therein (including pincites) by no later than September 23, 2005." Minute Order (Sept. 21, 2005).[2] Furthermore, because the petitioners styled their motion as an "emergency motion to

---

[2] The court reminds the parties of their obligation to provide the court with the authority in support of its position. "Judges are not expected to be mindreaders . . . [it is the] litigant [that] has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (citations and quotations omitted). For this reason, though the court charitably granted the petitioners an opportunity to resubmit their motion, the parties are hereby on notice that the court will decline extending this gratuity regarding future filings made without pertinent legal authority in support of the position espoused.

compel access," the court set forth an expedited briefing schedule. The court now turns to the merits of the petitioners' motion.

## II. ANALYSIS

On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush*, granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at GTMO. *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005); *Boumediene v. Bush* No. 05-5062 (D.D.C. March 10, 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Detainee Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an opinion. Accordingly, because the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear, this court issued a stay of proceedings pending the D.C. Circuit decisions in those cases.

Although these cases are stayed, the petitioners filed their motion to compel.[3] Under Federal Rule of Civil Procedure 37(a), a party may move the court in which the action is pending for an order compelling disclosure. FED. R. CIV. P. 37(a). The party must certify that the movant has conferred in good faith with the party refusing disclosure in an effort to avoid court action. *Id.* The court "has broad discretion in its resolution of discovery problems that arise in cases pending before it." *In re Multi-Piece Rim Prod. Liab. Litig.,* 653 F.2d 671, 679 (D.C. Cir. 1981).

A ruling on the instant motion would undermine the reasons this court, and others handling GTMO cases, stayed proceedings pending resolution of *Khalid, Boumediene,* and *In Re Guantanamo Detainee Cases*. The Supreme Court requires that this court, "proceed with the caution that is necessary" and only take "prudent and incremental steps" in resolving these difficult and novel issues. *Hamdi v. Rumsfeld*, 124 S.Ct. 2633, 2650 (2004). The Court continued with its expectation that "courts faced with these sensitive matters will pay proper heed both to the matters of national security that might arise in an individual case and to the

---

[3] Although the petitioners filed a discovery motion, they curiously plopped a preliminary injunction standard into their motion. Pet'rs' Mot. ¶ 31. At its core, however, the petitioners are seeking access to their clients and their clients' medical records. As such, their motion is peculiarly a discovery motion. "[A]t the end of the day, even if you put a calico dress on it and call it Florence, a pig is still a pig," *Bradshaw v. Unity Marine Corp., Inc.*, 147 F. Supp. 2d 668, 671 (S.D. Tex. 2001), the petitioners' legal standard to the contrary notwithstanding. Nevertheless, although it is not the court's role to craft the petitioners' arguments, perhaps the petitioners are attempting to demonstrate that if the stay is not lifted, the petitioners will be irreparably harmed. Pet'rs' Mot. ¶ 41. The court notes that Judge Louis Oberdorfer recently concluded that the Guantanamo detainees failed to demonstrate an imminent threat to their health or life due to their hunger strike. *El-Banna v. Bush*, Civ. No. 04-1144, (D.D.C. Sept. 28, 2005). Judge Oberdorfer relied on the same declaration that this court has before it, which states that the Joint Task Force "will prevent unnecessary loss of life by detainees through standard medical intervention, including involuntary medical intervention when necessary to overcome a detainee's desire to commit suicide." Resp'ts' Opp'n, Ex. A (Wood Decl.) (relying on 28 C.F.R. § 549.65).

5

constitutional limitations safeguarding essential liberties that remain vibrant even in times of security concerns." *Id.*

A determination of the instant motion requires the court to balance the interests of the detainees' constitutional rights, the executive branch's authority to classify individuals as enemy combatants and its authority to detain those individuals according to the government's discretion, and the scope of the judiciary's role in these cases. Unsure of the way in which the D.C. Circuit will strike such a balance, or at least inform the contours of this trichotomy, a judicial determination by this court regarding the instant motion would be imprudent.[4]

### III.  CONCLUSION

For the reasons set forth herein, it is this 5th day of October 2005,

**ORDERED** that the petitioner's motion to compel is **DENIED without prejudice**.

**SO ORDERED**.

                                                                 RICARDO M. URBINA
                                                 United States District Judge

---

[4] The petitioners' motion to compel is curious because "[c]ounsel make this application for emergency relief because the Government has inappropriately burdened Petitioners' right of reasonable access to counsel by refusing to provide any information related to Petitioners despite the exigent circumstances presented by the current hunger strike." Pet'rs' Mot. to Compel ¶ 38 (internal quotation marks omitted). Stated differently, the petitioners are requesting "emergency" relief due to the "exigent circumstances" that they themselves created by undergoing a hunger strike, assuming *arguendo* that the instant petitioners are among the detainees starving themselves. The court is cautious of parties attempting to circumvent the judicial process by creating an "emergency" situation then asking the court to intervene and grant discovery while their case is stayed.