IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAMID AL RAZAK,

        Petitioner,

by his Next Friend
BISHER AL RAWI

        v.　　　　　　　　　　　　　　　　　No. 05 CV 1601
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(GK)
GEORGE W. BUSH, DONALD RUMSFELD,
JAY HOOD, AND MIKE BUMGARNER,

        Respondents.

## MOTION

Petitioner Hamid Al Razak by his counsel, Alan N. Sussman, requests this Court to issue an order directing Respondents:

1) to explain in writing why they are continuing to detain Petitioners in Guantanamo Bay detention facility, including but not limited to a declassified Factual Return, within 14 days or on a date certain within a reasonable time after the order is entered; and

2) to inform the Court and Petitioner's counsel whether Petitioner is incarcerated in Guantanamo Bay and what his Internment Serial Number (ISN) is.

As set forth more fully in the accompanying memorandum of law, Petitioner's counsel is informed and believes that Respondents have detained Petitioner for approximately four years, have evaluated his status, have held a hearing before a Combat Status Review Tribunal (CSRT) and a review under an Administrative Review Board (ARB) which should result in sufficient information to constitute a Factual Return.

In accordance with LCvR7(m), counsel for Petitioner has discussed this motion with counsel for Respondents, and counsel for Respondents confirmed in good faith that Respondents object to the relief sought herein.

Dated: June 9, 2006


___/s/_____
ALAN N. SUSSMAN
Sussman Office
Post Office Box 379
Bearsville, New York 12409
Tel: (845) 679-6927
Fax: (845) 679-6927

*Of Counsel*
Barbara Olshanksy (BO3635)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HAMID AL RAZAK,**

       **Petitioner,**

by his Next Friend
**BISHER AL RAWI**

      v.                  No. 05 CV 1601 (GK)

**GEORGE W. BUSH, DONALD RUMSFELD,
JAY HOOD, AND MIKE BUMGARNER,**

       **Respondents.**

## [DRAFT] ORDER

Having considered Petitioner's Motion and any response and reply thereto by Respondents, the Court hereby

ORDERS that the Motion is hereby GRANTED; and

IT IS FURTHER ORDERED that Respondents shall file and serve upon Petitioner's counsel a written explanation as to why they are continuing to detain Petitioner in the Guantanamo Bay detention facility, including but not limited to a declassified Factual Return and

IT IS FURTHER ORDERED that Respondents shall serve upon Petitioner's counsel a statement as to whether Petitioner is incarcerated at Guantanamo Bay and what his correct Internment Serial Number (ISN) is.

Dated: _____, 2006

                                                  _____
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**HAMID AL RAZAK,**

      **Petitioner,**

**by his Next Friend**
**BISHER AL RAWI**

      **v.**                                                      No. 05 CV 1601
                                                                                           (GK)

**GEORGE W. BUSH, DONALD RUMSFELD,**
**JAY HOOD, AND MIKE BUMGARNER,**

      **Respondents.**

**PETITIONER'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION**

      Petitioner Hamid Al Razak has moved this Court to issue an order requiring Respondents to explain in writing why they are continuing to detain Petitioner in Guantanamo Bay detention facility, including but not limited to an unclassified Factual Return, within 14 days, or on a date certain within a reasonable time after the order is entered, and to provide information whether Petitioner is currently detained at Guantanamo Bay and what his Internment Serial Number is.

**STATEMENT OF FACTS**

      Petitioner Hamid Al Razak is an Afghani citizen. On information and belief, he is presently incarcerated at Guantanamo Bay and has been held virtually incommunicado in Respondents' custody and control for approximately four years.

      On 10 August 2005, Petitioner filed a Petition for Writ of *Habeas Corpus* (the "Petition") in this Court. The Petition contests both the fact of the Petitioner's

incarceration as well as their inhumane treatment in violation of the Constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law, as set forth more fully in the Petition. The original petition in this case was served on the United States Attorney on August 10, 2005. Service also was effected the same day through certified mail, pursuant to Fed. R. Civ. P. 4(I) (1) (B), on the United States Attorney General, Alberto Gonzales; The Secretary of the Department of Defense, Donald Rumsfeld; the President of the United States, George W. Bush; Army Brig. Gen. Jay Hood; Army Col. Mike Bumgarner; and Untied States Attorney, Kenneth Weinstein by U.S. certified mail.

Pursuant to 28 U.S.C. §2243, a writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." No Return has yet been filed.

On information and belief, Respondents' agents have interrogated Petitioner on numerous occasions and are well aware whether there are reasons why Petitioner is being detained. Respondents have acknowledged that the Department of Defense completed "Combat Status Review Tribunals" (CSRT) hearings at which each detainee's "enemy combatant" status and his detention generally were reviewed. Upon further information and belief, Respondents have conducted at least one "Administrative Review Board" (ARB) hearing or review of Respondents' original CSRT finding.

While no Factual Return has been submitted, this case has not been dormant since the filing of the Petition. Petitioner made a motion regarding his medical status on or about 19 September 2005, which Respondents opposed. And Respondents themselves

moved to dismiss or stay the case on 31 August 2005, for lack of proper "Next Friend" standing, a matter still pending before Magistrate Judge Kay.  And in January, 2006, Respondents notified counsel that, pursuant to the recently enacted Detainee Treatment Act, they intended to move for the dismissal of this case (and all Guantanamo *Habeas* cases).

At no time, during the litigation of any of these Motions or Notices have Respondents raised the issue that there is no person at Guantanamo bearing the name on the Petition, nor that there is no detainee bearing ISN # 1119.  They have defended Motions, instituted Motions, and served Notices, all in the name of Petitioner Hamid Al Razak.

Subsequent to the filing of the Petition, but not until on or about 18 April 2006, counsel for Petitioner was denied eligibility for access to national security information.

On or about 19 April and on or about 15 May 2006, pursuant to a lawsuit instituted by Associated Press, information was released by the U.S. Department of Defense providing 759 names and Internment Serial Numbers (ISN) of persons incarcerated at Guantanamo Bay.  Pursuant to said releases, the undersigned could not find the name of the Petitioner on that list, nor any name with spelling similar to that of Petitioner.  Moreover, when Petitioner's ISN - - # 1119 - - was located, it was used to identify a detainee named "Haji Hamidullah" (19 April), and simply "Hamidullah" (15 May), which may or may not be the name of the Petitioner

## **ARGUMENT**

### A.  The Request for a Factual Return

Pursuant to 28 U.S.C. § 2243, "a court…entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Respondents have agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review."  *Hamdi v. Rumsfeld*, No. 03-6696, 542 U.S. 507, 124 S. Ct. 2633, 2644 (2004).  Moreover, the Supreme Court has held that U.S. District Courts have jurisdiction to consider detainee "*habeas corpus* challenges to the legality of their (executive) detention at Guantanamo Bay Naval Base."  *Rasul v. Bush* , 542 U.S. 466, 484 (2002)

Because the Respondents have had years to evaluate the status of Petitioner, "enemy combatant" or otherwise, and to review evidence relating to why Petitioner is still detained, Respondents should not need more than 14 days to provide the requested explanation as to why they are continuing to detain Petitioner.

### B.  The Request for Client Identification

In the highly unusual circumstances of this case, Petitioner has been held virtually incommunicado for approximately four years and the Respondents have steadfastly refused (until two months ago) to reveal the names, ages, countries of origin, location of capture and charges against virtually all detainees at Guantanamo, including that of Petitioner.  Petitioner's request for legal counsel to assert his legal rights originated through a note written by a fellow detainee, Bisher Al Rawi, who speaks English (unlike

Petitioner) and who assumed "Next Friend" status for Petitioner. As set forth in the attached Declaration, the note written by Bisher Al Rawi was delivered to the Center for Constitutional Rights a few months before counsel volunteered his legal services to the Center. Bisher Al Rawi wrote that the person requesting legal services was "Hahmid Allah Mowzowi Saedara Saed Abu Al Razak  INS 1119."

Petitioner is entitled to be represented by counsel pursuant to the Federal Habeas Corpus Statute, 28 U.S.C. §2241, the Criminal Justice Act, 18 U.S.C. §3006A, and the All Writs Act, 28 U.S.C. § 1651.

Counsel for Petitioner is entitled to know who he represents. This statement sounds unusual, as it could be argued the other way around; Respondents could well say it is counsel's obligation to tell them who he represents. But this is not a usual case, as briefly described above. It is the Respondents who have not (until recently) divulged the names of those they are detaining. And now that they have divulged the names of those detained, Petitioner's name does not seem to be among them.

This should not be a game of hide-and-seek. Once a Petition has been filed, with a name and ISN number, the obligation in this case falls squarely on Respondents to divulge further or more exact identificatory information. This is so for three solid reasons.

First, it is in the very nature of *Habeas Corpus* proceedings that the benefit of the doubt is given to the Petitioner and that the burden of correcting errors falls upon the keepers, most especially when the secretive practices of the keepers makes error more likely. All of England knew that the Crown held John Lilburne in the Tower of London in 1645 because the Crown did not keep it a secret. And John Lilburne, his family and

his friends all spoke English. But the status of "Hamid Allah Mowzowi Saedara Saed Abu Al Razak INS 1119" is quite different. He is wholly dependent upon others, similarly detained, to seek the light of the outside world.

Should it be the case that, upon investigation by Respondents, it is found that Hamid Al Razak's name is different, the *Habeas* Petition and the Factual Return is the best - - perhaps the only - - procedural method of discovering the error. In *Harris v. Nelson*, 394 U.S. 286, 290-91 (1969), Justice Fortas wrote for the Court:

> The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action. Its pre-eminent role is recognized by the admonition in the Constitution that: "The Privilege of the Writ of Habeas Corpus shall not be suspended…" …The scope and flexibility of the writ – its capacity to reach all manner of illegal detention – *its ability to cut through barriers of form and procedural mazes* – have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected. (emphasis added)

Second, Respondents are equitably estopped from avoiding their burden to disclose identifatory information. <u>Respondents</u> have acted in the name of Hamid Al Razak as well as Petitioner's counsel, and Respondents did so on two occasions <u>before</u> they revealed the names of the detainees this April and May. When Respondents moved to dismiss the case for lack of "Next Friend" standing did they do so in the name of the Petitioner. They did not claim that Hamid Al Razak did not exist; they claimed his Next Friend, Bisher Al Rawi, did not sufficiently demonstrate the nature and strength of his relationship with Hamid Al Razak. And when Respondents argued in opposition to Petitioner's request for medical information they did not argue that Hamid Al Razak did not exist but rather that Hamid Al Razak did not suffer irreparably injury and was thus

not entitled to injunctive relief.  When Judge Gladys Kessler questioned both counsel who represented Respondents (Mr. Terry M. Henry, Esq. and Mr. Andrew Warden, Esq.) about the hunger strike at Guantanamo and the adequacy of medical care provided Hamid Al Razak and his three other co-movants [Majid Abdulla Al-Jondi v. Bush, 05-301; Jarallah Al-Marri, 04-2035; Muhammad Al-Adahi, 05-280], counsel for Respondents informed the court with specificity of the number of men on a hunger strike, the number in the hospital, the number on a special cell block, the nature of involuntary feeding, and so on.  (Transcript of Motions Hearing before the Honorable Gladys Kessler, Jarallah Al-Marri, 04-2035, et al.  October 14, 2005, page 37, lines 17-25; page 38, lines 1-25; p 39, lines 1-11.)  And when this Court ordered Resondents to provide notice to Hamid Al Razak's counsel of any forced feeding and the provision of medical records, Respondents did not claim that Hamik Al Razak did not exist or that they kept no detainee of that name. (Order of Gladys Kessler, USDC Judge, *Hamid Al Razak v. Bush,*  05-CV-1601, October 26, 2005.)

　　　　Third, the Court's attention is respectfully drawn to the caption of the *Habeas* Petition:  it lists as Respondents not only George W. Bush and Donald Rumsfeld but Jay Hood and Mike Bumgarner (or his successor), both Commanders of the Guantanamo Bay Naval Base.  As the keepers of the body in issue, it is their obligation to inform the Court whether the body of Petitioner is or is not detained therein, or if someone bearing his identity number is.  The Great Writ, after all, does not act upon the prisoner who seeks relief but upon the person who keeps him in what is alleged to be unlawful custody. *Braden v. 30th Judicial Circuit Court of Kentucky*,  410 U.S. 484, 495 (1973) cited by Justice Stevens for the court in *Rasul v. Bush, 542* U.S. at ___ (2004)

Dated: June 9, 2006


_____/s/_____
ALAN N. SUSSMAN
Sussman Office
Post Office Box 379
Bearsville, New York 12409
Tel: (845) 679-6927
Fax: (845) 679-6927

*Of Counsel*
Barbara Olshanksy (BO3635)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499


                        Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HAMID AL RAZAK,**

      Petitioner,

by his Next Friend
**BISHER AL RAWI**

      v.                                    No. 05 CV 1601
                                                          (GK)

**GEORGE W. BUSH, DONALD RUMSFELD,
JAY HOOD, AND MIKE BUMGARNER,**

      Respondents.

**DECLARATION OF ALAN N. SUSSMAN IN SUPPORT
OF PETITIONER'S MOTION FOR A DECLASSIFIED
<u>FACTUAL RETURN AND DISCLOSURE OF HIS ISN NUMBER</u>**

    1.    I am co-counsel for Hamid Al Razak, Petitioner herein, and I make this Declaration in support of his motion for a Factual Return and disclosure of his ISN number.

    2.    In summer, 2005, I agreed to represent, at no fee, a detainee at Guantanamo Bay, as co-counsel with Barbara Olshansky and Gitanjali Gutierrez at the Center for Constitutional Rights (CCR) in New York City. By virtue of its representation and legal co-ordination of numerous Guantanamo detainees, CCR supplied me with a handwritten note from one Bisher Al Rawi, a Guantanamo detainee who had counsel of his own and who spoke and wrote English. Mr. Al Rawi wrote (in part, including the ISN number in parenthesis):

> I, Bisher AL Rawi, understand the term "Next Friend"
> and I know that Hamid Allah Mowzowi Saedara Saed Abu
> Al Razak (ISN 1119) wants legal representation. He has asked
> me for a lawyer, and I know that he would want me to assert

    any legal right he may have.  Dated 2nd May, 2005
    (Exhibit "A" as attached to Petition for Writ of *Habeas Corpus*)

Upon information and belief, Bisher Al Rawi's co-detainee, Hamid Al Razak, speaks only Pashtu.  I do not know if Petitioner is able to read and write.

  3.  On or about 10 August 2005, I filed a petition for a Writ of *Habeas Corpus* with this Court in the name of Hamid Al Razak, by his Next Friend, Bisher Al Rawi.

  4.  Shortly thereafter, I applied for security clearance with the U.S. Department of Justice. I did not receive security clearance to view classified materials, as I was denied same by the Department of Justice on or about 18 April 2006.

  5.  Though denied security clearance, I have been a member of the Federal and New York State bars for over 30 years, I have litigated in the Supreme Court of the United States, the 2nd Circuit Court of Appeals, the Southern and Northern District Courts of New York, and at all levels of the New York State court system.  I have represented hundreds of clients and I have never been accused, formally or informally, of divulging any client confidences.  I have never been arrested for nor convicted of a crime.

  6.  I have taught at the New York University School of Law and am currently Visiting Associate Professor at Bard college where I teach Constitutional Law, Human Rights and Law and Ethics.  I have authored or co-authored 3 books on legal topics and written numerous Law Review articles on Juvenile Justice.

  7.  There is no reason why a Factual Return cannot be submitted on an unclassified basis; Respondents have already divulged much factual information pertaining to almost all Guantanamo detainees in response to a FOIA Order obtained by Associated Press in recent months.

8.  When I filed a Petition for *Habeas Corpus* on 10 August 2005, I filed in the name of Hamid Al Razak, who had been identified to me in writing through his Next Friend by the name of "Hamid Allah Mowzowi Saedara Saeb Abu Al Razak ISN 1119" (See ¶ 2, *infra*, and Exhibit A as attached to the Petition, being a handwritten note in English by Next Friend Bisher Al Rawi).

9.  On 19 April and 15 May 2006, the Department of Defense released the names of 759 detainees who have gone through the Combat Status Review Tribunal (CSRT) process, in response to a lawsuit commenced by the Associated Press.

10. A perusal of that document reveals no detainees named Hamid Al Razak or any name similar thereto. The name the Department of Defense listed next the ISN number 1119 on 19 April was "Haji Hamidullah" and on 15 May simply "Hamidullah."

11. In that part of the listed name "Hamidulla" matches the name "Hamid" of my client, it may or may not be him. I made a request of the 150 or so lawyers representing Guantanamo inmates if any (other than I) represented any detainee with ISN number 1119 and there was no response that any did so. Hence, I believe I do represent detainee # 1119 and that Respondents have an obligation to disclose to me full name of the inmate who bears that number along with the matched Factual Return.

12. When I spoke with Preeya Noronha, Counsel for Respondents, on 6 June, 2006, she made a good-faith effort to explain that the names of the detainees are often difficult to trace, given translation problems, length of names, multiple names, and so on, and that these problems are compounded by Next-Friend communications. I agreed that these circumstances exist, but indicated that among her clients were the Commanders of the Naval Base, and that surely they have devised a method of specific identification

during the four years of continuous captivity, and that, as set forth in my attached Memorandum, the obligation of identification in this case falls on Respondents.

      13.    I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Further Declarant sayeth not.

      Executed this 9th day of June 2006, in Bearsville, New York

                                          ____/s/_____
                                          ALAN N. SUSSMAN

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the Motion, Memorandum of Law in support of Motion and Draft Order were served upon the following person by e-mail on the 9th day of June, 2006:

Preeya M. Noronha
Trial Attorney
Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C.  20530
E-Mail:  Preeya.norohn@usdoj.gov

And upon the following person by Certified Mail, Return Receipt Requested:

Alberto R. Gonzales
Attorney General of United States
U.S. Department of Justice
Robert F. Kennedy Building, Room 5111
Tenth Street & Constitution Ave., NW
Washington, D.C. 20530


                                        _____/s/_____
                                        ALAN N. SUSSMAN