IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAMID AL RAZAK, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1601 (GK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION FOR AN ORDER DIRECTING RESPONDENTS TO PROVIDE
INFORMATION REGARDING IDENTIFICATION OF PETITIONER
HAMID AL RAZAK AND A FACTUAL RETURN**

Respondents hereby respectfully submit this memorandum in opposition to petitioners' motion for an order directing respondents to provide information regarding the identification of petitioner Hamid Al Razak and a factual return pertaining to him (dkt. no. 23).

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants;

section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases. Id. § 1005(h). In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioners.

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions. In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum, a stay of proceedings in this case, including with respect to petitioners' requests for relief, is appropriate pending the resolution of the effect of the Act. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir.

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006.

1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). Granting the relief requested by petitioners would be an assertion of jurisdiction and authority in the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals. Respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Thus, the relief requested by petitioners is not a matter independent of the jurisdictional question pending before the Court of Appeals, and granting that relief would constitute an assertion of authority that would seriously prejudice respondents.

Petitioners' requests should also be denied because petitioners have failed to establish that the petition for writ of habeas corpus in this case has been properly brought before this Court. See Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing (dkt. no. 2) at 6-15. The law provides only two avenues by which a habeas petition may be properly brought: (1) the individual who is seeking habeas relief must sign and verify the petition, i.e., the petition must be directly authorized; or (2) the petition must be signed and verified by another person acting on that individual's behalf – a

"next friend" – whom the Supreme Court has determined must satisfy certain requirements in order to properly serve in this capacity. See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). Thus, notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, given that petitioner Hamid Al Razak has not signed and verified the petition in this case, and that fellow detainee Bisher Al-Rawi, the next friend petitioner, has failed to satisfy the Whitmore requirements for next friend standing, the Court cannot exercise jurisdiction over this case. See Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing at 6-15.

In addition to the multiple jurisdictional infirmities in this case, counsel for petitioners now disputes the identification of "Hamid Allah Mowlowi Saedara Saed Abd Al Razak" that counsel supplied to respondents based on information in the purported "next friend" authorization signed by Bisher Al-Rawi, and requests that the Court order respondents to "inform the Court and Petitioner's counsel whether Petitioner is incarcerated in Guantanamo Bay and what is Internment Serial Number (ISN) is" and provide a factual return pertaining to petitioner. See Pets' Mot. at 1. Because of the numerous names and aliases often used by Guantanamo Bay detainees,[2] respondents in this case relied upon the identification of petitioner supplied by

---

[2] It is frequently difficult, if not impossible, to correctly identify a purported petitioner among the approximately 450 detainees at Guantanamo Bay based on the scant identifying information provided in deficient next friend petitions, such as the petition in this case. Respondents are often left trying to guess at a detainee's identity. Indeed, respondents have yet to identify more than 100 purported petitioners as individuals presently detained at Guantanamo Bay. Moreover, there have already been at least two instances in which respondents incorrectly identified petitioners in Guantanamo Bay detainee cases; errors which, unfortunately, were not discovered until counsel visited and interviewed these detainees at Guantanamo Bay. Requiring petitions to be properly authorized – either directly by the detainee or through a valid next friend – would likely alleviate some of the very real practical problems resulting from the deficient jurisdiction.

counsel and the purported next friend as ISN 1119, who is an Afghan detainee listed in respondents' records as "Hamidullah," and respondents have proceeded in this litigation on that basis. Indeed, the name of detainee ISN 1119 and the purported petitioner "Hamid Allah Mowlowi Saedara Saed Abd Al Razak" share the commonality that "Hamidullah" appears to be a combination of the first two words of the purported petitioner's name, "Hamid" and "Allah," so respondents, until now, had no reason to question their identification of the purported petitioner. Counsel now claim, however, that respondents' initial identification is incorrect. The Department of Defense, however, has reviewed its records and cannot locate any detainee other than detainee ISN 1119 with a name that matches or sufficiently resembles "Hamid Allah Mowlowi Saedara Saed Abd Al Razak," the name provided by the next friend petitioner in this case. Without additional identifying information regarding petitioner,[3] respondents are thus unable to identify petitioner Hamid Al Razak as a detainee at Guantanamo Bay. Accordingly, no order requiring respondents to provide counsel with the ISN of, or a factual return[4] pertaining to,

---

[3] In other Guantanamo habeas cases where respondents are unable to identify petitioners, respondents request that counsel seek additional identifying information from the next friend petitioners who are attempting to seek habeas relief on their behalf. In this case, counsel could request additional information regarding the identity of Hamid Al Razak from next friend petitioner Bisher Al-Rawi, also detained at Guantanamo Bay, through Mr. Al-Rawi's counsel.

[4] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal ("CSRT") that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases. Factual returns include both classified and unclassified material. Given that counsel for petitioner has been denied a security clearance, if petitioner is identified as a detainee at Guantanamo Bay and the Court determines that a factual return pertaining to this detainee is warranted notwithstanding the jurisdictional infirmities in this case, respondents would provide counsel with only an unclassified version of the factual return.

alleged petitioner Hamid Al Razak should issue, because it would be currently impossible for respondents to comply with such an order.

For these reasons, both with respect to the Court's jurisdiction and the very practical identification issue, the Court should deny petitioners' motion.

Dated: June 23, 2006                                  Respectfully submitted,

                                        PETER D. KEISLER
                                      Assistant Attorney General

                                      DOUGLAS N. LETTER
                                      Terrorism Litigation Counsel

                                          /s/ Preeya M. Noronha
                                      JOSEPH H. HUNT (D.C. Bar No. 431134)
                                      VINCENT M. GARVEY (D.C. Bar No. 127191)
                                      TERRY M. HENRY
                                      JAMES J. SCHWARTZ
                                      PREEYA M. NORONHA
                                      ROBERT J. KATERBERG
                                      NICHOLAS J. PATTERSON
                                      ANDREW I. WARDEN
                                      EDWARD H. WHITE
                                      MARC A. PEREZ
                                      Attorneys
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      20 Massachusetts Ave., N.W.
                                      Washington, DC  20530
                                      Tel:  (202) 514-4107
                                      Fax:  (202) 616-8470

                                      Attorneys for Respondents