IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HAMID AL RAZAK,**

            **Petitioner,**

by his Next Friend
**BISHER AL RAWI**

            v.                                      No.  05 CV 1601
                                                               (GK)

**GEORGE W. BUSH, DONALD RUMSFELD,
JAY HOOD, AND MIKE BUMGARNER,**

            **Respondents.**

<u>**PETITIONER'S REPLY MEMORANDUM**</u>

      This Reply is made in support of Petitioner's Motion for an Order Directing Respondents to Provide Information Regarding Petitioner and to Provide a Factual Return, dated 9 June 2006 (dkt. no. 23) and in response to Respondents' Opposition thereto, dated 23 June 2006 (dkt. no. 24).

      With regard to the request for an order requiring the filing of an unclassified Return, Respondents argue that the Detainee Treatment Act of 2005, P.L. No. 109-148, tit. X, 119 Stat. 2680 (hereinafter: the "Act") removes jurisdiction from this Court to hear or entertain petitions for Writs of Habeas Corpus brought by or on behalf of alien detainees at Guantanamo Bay.  The Act, according to Respondents, creates exclusive review in The D.C. Circuit Court to determine if "enemy combatant" classifications are proper, thus depriving the District Court of jurisdiction to order the relief requested by Petitioner.

However, on 29 June 2006 the United States Supreme Court in *Hamdan v. Rumsfeld* 548 U.S. ___ (2006) held that this interpretation of the Act is incorrect. Justice Stevens, for the Court, stated in direct response to the Government's position on this matter, "ordinary principles of statutory construct suffice to rebut the Government's theory – at least insofar as this case, which was pending at the time the DTA was enacted, is concerned." (slip opinion, p.11) It is to be noted that the Act was enacted in December, 2005, and the *Habeas* Petition in <u>this</u> case was filed in August, 2005. Thus, the case before the bench today, like *Hamdan,* was also pending at the time the Act was enacted and the jurisdiction of this Court remains intact.

Respondents further argue that Petitioner's request should be denied because he has not established that his Writ was properly brought before this Court by the "Next Friend" method. Respondents have previously moved in this Court to assert this claim, and that the matter was transferred to Judge Oberdorfer (Minute Order 14 November 2005). Judge Oberdorfer subsequently referred the matter, along with a number of other "Next Friend" challenges, to Magistrate Judge Alan Kay for conference and possible resolution. Neither Judge Oberdorfer nor Magistrate Judge Kay has ruled on the issue in this case as yet, but Magistrate Judge Kay has ruled contrary to Respondents' position in a similar case. "In those *habeas* cases filed since the entry of the Protective Order" Magistrate Kay wrote, referring to the Protective Order initially approved and entered by Judge Joyce H. Green in 2004, "the detainees who initiate a *habeas* petition on behalf of a fellow detainee generally do not seek to serve procedurally as a 'next friend' in the traditional sense, but are simply passing on another detainee's request for help, a fact that can be confirmed once counsel meets directly with the detainee." *Sadar Doe v. Bush* (05-CV-1704, 11 May 2006, Doc. No. 33, pp 8-9). (citation omitted)

Counsel's second request - - that Respondents clarify Petitioner's name and affirm his existence at Guantanamo - - was based on the revelation that his ISN Number, 1119, is identified on recent Department of Defense disclosures to Associated Press as belonging to one "Hamidullah". Respondents address this matter by stating:

> Indeed, the name of detainee ISN 1119 and the purported
> petitioner "Hamid Allah…Al Razak" share the commonality
> that "Hamidullah" appears to be a combination of the first
> two words of purported petitioner's name "Hamid" and "Allah"
> so respondents, until now, had no reason to question the
> identification of the purported petitioner.
> (Respondents' Memorandum in Opposition, p. 5)

It would seem that Respondents have herein above provided counsel with the very information Petitioner has asked the Court to Order; that is, a statement of Petitioner's name and his present existence at Guantanamo. Respondents state his name is Hamidullah and he exits at Guantanamo. But Respondents do not let the matter rest there, or, for strategic reasons wish to make fuzzy the very matter they have just made clear. Respondents state:

> Respondents in this case have relied upon the
> identification of petitioner supplied by counsel
> and the purported next friend as ISN 1119, who
> is an Afghan detainee listed in respondents' records
> as "Hamidullah" and respondents have proceeded
> in this litigation on that basis.
> (Memorandum in Opposition, pp. 4-5)

This is a curiously ambiguous statement. In the first part, Respondents claim they have only relied on identification supplied by Petitioner's counsel, and in the second part claim that they have relied on their <u>own</u> records that this person is "Hamidullah."

Respondents then argue that as they cannot identify one Hamid Al Razak as a detainee at Guantanamo, it would be "currently impossible" for them to comply with any

Order requiring them to provide a Factual Return in that person's name (Memorandum, pp. 5-6)

This strategy is not new. It has always been Respondents' approach to argue jurisdictional or factual defectiveness for failure of Petitioners to supply "necessary" information which, in fact, only Respondents possess and which Respondents will not disclose. As in the "Next Friend" dispute, the lack of information and absence of normal due process disclosures, caused by Respondents, is claimed by Respondents as a sufficient reason why Petitioner should not have access to the courthouse door. But as set forth in Petitioner's main motion, the Writ imposes an obligation upon the Respondents, the keepers of the body, not upon the Petitioner. That is why the Writ exists and has existed for the last 781 years, as a detainee's last and only hope against anonymous, limitless incarceration.

Respondents close with footnote 4 (on p. 5) in which they propose that, should the Court order a Return, Respondents could provide only an unclassified return, as counsel for Petitioner has no security clearance.

This is all that Petitioner's motion seeks: an unclassified Factual Return and (as apparently already provided) identification of the Petitioner's name and existence.

Respectfully Submitted

_____

Alan N. Sussman
Sussman Office
Post Office Box 379
Bearsville,  New York  12409
Tel:  (845) 679-6927
Fax:  (845) 679-6927

*Of Counsel*
Barbara Olshanksy (BO3635)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax:  (212) 614-6499

### CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the Motion, Memorandum of Law in support of Motion and Draft Order were served upon the following person by e-mail on the 29th day of June, 2006:

Preeya M. Noronha

Trial Attorney
Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C.  20530
E-Mail:  preeya.horonha@usdoj.gov

And upon the following person by Certified Mail, Return Receipt Requested:

Alberto R. Gonzales
Attorney General of United States
U.S. Department of Justice
Robert F. Kennedy Building, Room 5111
Tenth Street & Constitution Ave., NW
Washington, D.C. 20530

_____                          -
                                                                              ALAN N. SUSSMAN