**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


**HAMID AL RAZAK,**

        **Petitioner,**

**by his Next Friend
BISHER AL RAWI**

        **v.**                         **No.  05 CV 1601
                                     (GK)**

**GEORGE W. BUSH, DONALD RUMSFELD,
JAY HOOD, AND MIKE BUMGARNER,**

        **Respondents.**

## <u>MOTION FOR ENTRY OF PROTECTIVE ORDER</u>

        PLEASE TAKE NOTICE that on such date as the Court shall determine,

Petitioner, together with his Next Friend, by and through undersigned counsel, shall

move for an order for the entry of the Amended Protective Orders as set forth in the

accompanying Memorandum in Support of Petitioner's Motion.


Dated:  Bearsville, New York
July 11, 2006

                                 Respectfully submitted,

                                 Counsel for Petitioner

                                 By:  Alan N. Sussman, Esq.

                                 _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**HAMID AL RAZAK,**

    **Petitioner,**

**by his Next Friend**
**BISHER AL RAWI**

    **v.**           **No.  05 CV 1601**
                     **(GK)**

**GEORGE W. BUSH, DONALD RUMSFELD,**
**JAY HOOD, AND MIKE BUMGARNER,**

    **Respondents.**

**<u>DRAFT ORDER</u>**

   Petitioner's motion for Expedited Entry of the Protective Order is hereby

GRANTED.  The following orders entered in the In re Guantanamo Detainee Cases shall

be fully applicable in this case as if entered herein: (1) Amended Protective Order and

Procedures for Counsel Access to Detainees at the United State Naval Base in

Guantanamo Bay, Cuba, issued November 8, 2004 (344 F. Supp. 2d 174 (D.D.C. 2004);

(2) Order Addressing Designation Procedures for "Protected Information," issued

November 10, 2004; and (3) Order Supplementing and Amending Filing Procedures

Contained in November 8, 2004 Amended Protective Order, issued December 13, 2004.


   SO ORDERED.


               _____

               HON. GLADDYS M. KESSLER
               USDJ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**HAMID AL RAZAK,**

        **Petitioner,**

**by his Next Friend**
**BISHER AL RAWI**

        **v.**                         **No.  05 CV 1601**
                                                **(GK)**

**GEORGE W. BUSH, DONALD RUMSFELD,**
**JAY HOOD, AND MIKE BUMGARNER,**

        **Respondents.**

### PETITIONER'S MEMORANDUM IN SUPPORT OF
### MOTION FOR ENTRY OF PROTECTIVE ORDER

        Petitioner respectfully request that the Court enter the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, ("Amended Protective Order") [1] first issued on November 10, 2004 in the *In re Guantanamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and since entered in related *habeas* proceedings before this Court and the Courts of this District. *See, e.g., Wahab v. Bush*, 05-866 (D.D.C., Jan. 10, 2005).

        The government conditions Petitioner's right to access to existing *pro bono* and assigned counsel, as affirmed in *Al Odah, et al. v. bush, et al,* 346 F. Supp 2d (D.D.C. 2004), upon entry of the Amended Protective Order, and until then undersigned counsel and co-counsel are prohibited form meeting with Petitioner until the Amended Protective

---

[1]   The Amended Protective Order includes the following orders entered in *In re Guantanamo Detainee Cases:* Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.  *See* Exhibits 1-3.

Order is entered.  In the absence of an order by this Court, counsel and co-counsel are also prohibited from sending or receiving legal mail from Petitioner and is therefore unable to initiate, let alone establish, a functioning attorney-client relationship.  Entry of the Amended Protective Order would permit counsel to visit petitioner at Guantanamo Bay and to send him privileged attorney-mail by way of the legal mail procedures outlined in the Amended Protective Order.

As set forth in the attached Declaration, the undersigned has been denied security clearance. Yet, this should amount to no barrier to the relief requested as he is co-counsel in this case with other attorneys at the Center for Constitutional Rights, who possess security clearance.  Thus, they will be able to obtain privileged information and interview Petitioner, even though they may not share that part of the information which is privileged with counsel.  Moreover, there are many aspects of the Protective Orders which cover procedures for even non-privileged persons, such as Petitioner's counsel herein.

Pursuant to Local Civil Rule 7(m), the undersigned counsel for petitioner conferred with respondents' counsel regarding the relief sought in this motion. Respondents' counsel oppose the motion.  A proposed Order is attached.  Although Petitioner is moving for entry of the Amended Protective Order, he reserves the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

Dated:  July 11, 2006                              Respectfully submitted,
                                                   Counsel for Petitioner


                                                   _____/s/_____

ALAN N. SUSSMAN
Sussman Office
Post Office Box 379
Bearsville, New York 12409
Tel: (845) 679-6927
Fax: (845) 679-6927

*Of Counsel*
Barbara Olshanksy (BO3635)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464  Fax: (212) 614-6499

**IN THE UNITED STATES DUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
_____

) **Civil Action Nos.**
) **02-CV-0299 (CKK), 02-CV-0828 (CKK),**
) **02-CV-1130 (CKK), 04-CV-1135 (ESH),**
) **04-CV-1136 (JDB), 04-CV-1137 (RMC),**
*In re* **Guantanamo Detainee Cases** ) **04-CV-1142 (RJL), 04-CV-1144 (RWR),**
) **04-CV-1164 (RBW), 04-CV-1166 (RJL),**
) **04-CV-1194 (HHK), 04-CV-1227 (RBW),**
) **04-CV-1254 (HHK), 04-CV-1519 (JR)**
_____)

**AMENDED PROTECTIVE ORDER AND PROCEDURES FOR COUNSEL ACCESS
TO DETAINEES AT THE UNITED STATES NAVAL BASE
IN GUANTANAMO BAY, CUBA**

This matter comes before the Court upon Respondents' Motion for Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information

and other protected information that may be reviewed by, made available to, or are otherwise in

the possession of, the petitioners and/or petitioners' counsel in these coordinated cases. Pursuant

to the general supervisory authority of the Court, in order to protect the national security, and for

good cause shown,

IT IS ORDERED:

1. The Court finds that these cases involve classified national security information or documents, the storage, handling and control of which require special security precautions, and

access to which requires a security clearance and a "need to know." These cases may also involve other protected information or documents, the storage, handling and control of which

may require special precautions in order to protect the security of United States government

personnel and facilities, and other significant government interests.

2. The purpose of this Protective Order is to establish the procedures that must be followed by all petitioners' counsel, their respective petitioner(s), all other counsel involved in

2

these cases, translators for the parties, and all other individuals who receive access to classified

national security information or documents, or other protected information or documents, in

connection with these cases, including the privilege team as defined in Exhibit A.

3. The procedures set forth in this Protective Order will apply to all aspects of these cases, and may be modified by further order of the Court *sua sponte* or upon application by any

party. The Court will retain continuing jurisdiction to enforce or modify the terms of this Order.

4. Nothing in this Order is intended to or does preclude the use of classified information by the government as otherwise authorized by law outside of these actions.

5. Petitioners' counsel shall be responsible for advising their employees, the petitioners, and others of the contents of this Protective Order, as appropriate or needed.

6. Petitioners' counsel are bound by the terms and conditions set forth in the "Revised Procedures For Counsel Access To Detainees At the U.S. Naval Base In Guantanamo

Bay, Cuba," and the procedures for handling mail and documents brought into and out of counsel

meetings, attached hereto as Exhibit A. This Protective Order specifically incorporates by reference all terms and conditions established in the procedures contained in Exhibit A to the

extent they place limitations on petitioners' counsel in their access to and interaction with petitioners or handling of information. Any violation of the terms and conditions of those procedures will also be deemed a violation of this Protective Order. This paragraph does not

apply with respect to provisions in the procedures contained in Exhibit A that are or have been

overridden by the Court.

7. The privilege team shall not disclose to any person any information provided by counsel for a petitioner or by a petitioner, other than information provided in a filing with the

Court, unless such information, if it were monitored information, could be disclosed under

Section X of Exhibit A. Such disclosure shall be consistent with the provisions of Section X of

Exhibit A.

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 2 of 31

3

Definitions

8. As used herein, the words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals,

conforming copies and non-conforming copies (whether different from the original by reason of

notation made on such copies or otherwise), and further include, but are not limited to:

a. papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intra-office communications, notations of any

sort concerning conversations, meetings, or other communications, bulletins, teletypes,

telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes
and amendments of any kind to the foregoing;
b. graphic or oral records or representations of any kind, including, but not
limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of
any kind, and motion pictures;
c. electronic, mechanical or electric records of any kind, including, but not
limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word
processing or other computer tapes or disks, and all manner of electronic data processing storage;
and
d. information acquired orally.
9. The terms "classified national security information and/or documents," "classified
information" and "classified documents" refer to:
a. any classified document or information that has been classified by any
Executive Branch agency in the interests of national security or pursuant to Executive Order,
including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL,"
"SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 3 of 31
4
COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such
document;
b. any document or information, regardless of its physical form or
characteristics, now or formerly in the possession of a private party that has been derived from
United States government information that was classified, regardless of whether such document
or information has subsequently been classified by the government pursuant to Executive Order,
including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL,"
"SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE
COMPARTMENTED INFORMATION (SCI)";
c. verbal or non-documentary classified information known to the petitioner
or petitioners' counsel; or
d. any document and information as to which the petitioner or petitioners'
counsel have been notified orally or in writing that such documents or information contains
classified information.
10. All classified documents, and information contained therein, shall remain

classified unless the documents bear a clear indication that they have been declassified by the

agency or department that is the original classification authority of the document or the information contained therein (hereinafter, the "original classification authority").

11. The terms "protected information and/or documents," "protected information" and "protected documents" refer to any document or information deemed by the Court, either upon

application by counsel or *sua sponte*, as worthy of special treatment as if the document or information were classified, even if the document or information has not been formally deemed

to be classified.

12. For purposes of this Protective Order, "petitioners' counsel" shall be defined to include an attorney who is employed or retained by or on behalf of a petitioner for purposes of

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 4 of 31

5

representing the petitioner in habeas corpus or other litigation in federal court in the United

States, as well as co-counsel, interpreters, translators, paralegals, investigators and all other

personnel or support staff employed or engaged to assist in the litigation.

13. "Access to classified information" or "access to protected information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner any

classified information or protected information.

14. "Secure area" shall mean a physical facility accredited or approved for the storage, handling, and control of classified information.

15. "Unauthorized disclosure of classified information" shall mean any knowing, willful or negligent action that could reasonably be expected to result in a communication or

physical transfer of classified information to an unauthorized recipient.

Designation of Court Security Officer

16. The Court designates Christine E. Gunning as Court Security Officer for these cases, and Joan B. Kendrall, Michael P. Macisso, James P. Londergan, Mary M. Cradlin, Daniel O. Hartenstine, John P. Molinard, Jennifer Campbell, and Barbara J. Russell as Alternate

Court Security Officers, for the purpose of providing security arrangements necessary to protect

from unauthorized disclosure of any classified documents or information, or protected documents

or information, to be made available in connection with these cases. Petitioners' counsel shall

seek guidance from the Court Security Officer with regard to appropriate storage, handling,

transmittal, and use of classified documents or information.

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 5 of 31

6

Access to Classified Information and Documents

17. Without authorization from the government, no petitioner or petitioners' counsel
shall have access to any classified information involved in these cases unless that person
shall

first have:

a. made a written submission to the Court Security Officer precisely stating
the reasons why counsel has a need to know the classified information requested; and

b. received the necessary security clearance as determined by the Department
of Justice Security Officer; and

c. signed the Memorandum of Understanding ("MOU"), attached hereto as
Exhibit B, agreeing to comply with the terms of this Protective Order.

The written submissions that are made by counsel to the Court Security Officer stating
the

reasons why counsel has a need to know the classified information requested shall be
kept

confidential by the Court Security Officer and shall not be disclosed to any other counsel
or party

to these cases unless the Court specifically orders such disclosure.

18. Petitioners' counsel to be provided access to classified information shall execute
the MOU appended to this Protective Order, and shall file executed originals with the
Court and

submit copies to the Court Security Officer and counsel for the government. The
execution and

submission of the MOU is a condition precedent for petitioners' counsel to have access
to, or

continued access to, classified information for the purposes of this proceeding.

19. The substitution, departure, or removal of petitioners' counsel from these cases
for any reason shall not release that person from the provisions of this Protective Order or
the

MOU executed in connection with this Order.

7

20. The government shall arrange for one appropriately approved secure area for the
use of petitioners' counsel. The secure area shall contain a working area that will be
supplied

with secure office equipment reasonable and necessary to the preparation of the
petitioners' case.

Expenses for the secure area and its equipment shall be borne by the government.

21. The Court Security Officer shall establish procedures to ensure that the secure
area is accessible to the petitioners' counsel during normal business hours and at other
times on

reasonable request as approved by the Court Security Officer. The Court Security Officer
shall

establish procedures to ensure that the secure area may be maintained and operated in the
most

efficient manner consistent with the protection of classified information. The Court Security
Officer or Court Security Officer designee may place reasonable and necessary restrictions on the
schedule of use of the secure area in order to accommodate appropriate access to all petitioners'
counsel in this and other proceedings.

22. All classified information provided by the government to counsel for petitioners, and all classified information otherwise possessed or maintained by petitioners' counsel, shall be
stored, maintained, and used only in the secure area.

23. No documents containing classified information may be removed from the secure area unless authorized by the Court Security Officer or Court Security Officer designee supervising the area.

24. Consistent with other provisions of this Protective Order, petitioners' counsel shall have access to the classified information made available to them in the secure area, and
shall be allowed to take notes and prepare documents with respect to those materials.

25. Petitioners' counsel shall not copy or reproduce any classified information in any form, except with the approval of the Court Security Officer or in accordance with the procedures
established by the Court Security Officer for the operation of the secure area.

8

26. All documents prepared by petitioners or petitioners' counsel that do or may contain classified information (including without limitation, notes taken or memoranda prepared
by counsel and pleadings or other documents intended for filing with the Court) shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have
received an appropriate approval for access to classified information. Such activities shall take
place in the secure area on approved word processing equipment and in accordance with the
procedures approved by the Court Security Officer. All such documents and any associated
materials containing classified information (such as notes, memoranda, drafts, copies, typewriter
ribbons, magnetic recordings, exhibits) shall be maintained in the secure area unless and until the
Court Security Officer advises that those documents or associated materials are unclassified in
their entirety. None of these materials shall be disclosed to counsel for the government unless
authorized by the Court, by petitioners' counsel or as otherwise provided in this Protective Order.

27. Petitioners' counsel shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system, and shall not transmit or discuss classified information in electronic mail communications of any kind.

28. The Court Security Officer or Court Security Officer designee shall not reveal to any person the content of any conversations she or he may hear by or among petitioners' counsel, nor reveal the nature of documents being reviewed by them, or the work generated by them, except as necessary to report violations of this Protective Order to the Court or to carry out their duties pursuant to this Order. In addition, the presence of the Court Security Officer or Court Security Officer designee shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege or work product protections.

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 8 of 31

9

29. Petitioners' counsel shall not disclose the contents of any classified documents or information to any person, including counsel in related cases brought by Guantanamo Bay detainees in this or other courts, except those authorized pursuant to this Protective Order, the Court, and counsel for the government with the appropriate clearances and the need to know that information. Except as otherwise specifically provided by Judge Colleen Kollar-Kotelly in her well-reasoned opinion addressing counsel access procedures regarding petitioners Mohammed Ahmed al Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in Al Odah v. United States, 02-CV-0828 (CKK), counsel for petitioners in these cases are presumed to have a "need to know" information both in their own cases and in related cases pending before this Court. Therefore, and except as provided with respect to the three petitioners in Al Odah mentioned above, counsel for all petitioners in these cases who have satisfied all necessary prerequisites and follow all procedures set forth herein may share and discuss among themselves classified information to the extent necessary for the effective representation of their

clients. Counsel for respondents may challenge the "need to know" presumption on a case-bycase

basis for good cause shown.

30. Petitioners' counsel shall not disclose classified information not provided by
petitioner-detainee to that petitioner-detainee. Should petitioners' counsel desire to disclose

classified information not provided by petitioner-detainee to that petitioner-detainee, petitioners'

counsel will provide in writing to the privilege review team (See Exhibit A) a request for release

clearly stating the classified information they seek to release. The privilege review team will

forward the petitioner counsel's request to the appropriate government agency authorized to

declassify the classified information for a determination. The privilege review team will inform

petitioners' counsel of the determination once it is made.

10

31. No petitioner or counsel for petitioner shall disclose or cause to be disclosed any
information known or believed to be classified in connection with any hearing or proceeding in

these cases except as otherwise provided herein.

32. Except as otherwise stated in this paragraph and to ensure the security of the
United States of America, at no time, including any period subsequent to the conclusion of the

proceedings, shall petitioners' counsel make any public or private statements disclosing any

classified information or documents accessed pursuant to this Protective Order, including the fact

that any such information or documents are classified. In the event that classified information

enters the public domain, however, counsel is not precluded from making private or public

statements about the information already in the public domain, but only to the extent that the

information is in fact in the public domain. Counsel may not make any public or private
statements revealing personal knowledge from non-public sources regarding the classified or

protected status of the information or disclosing that counsel had personal access to classified or

protected information confirming, contradicting, or otherwise relating to the information already

in the public domain. In an abundance of caution and to help ensure clarity on this matter, the

Court emphasizes that counsel shall not be the source of any classified or protected information

entering the public domain.

As stated in more detail in paragraph 49 below, failure to comply with these rules may result in the revocation of counsel's security clearance as well as civil and/or criminal liability.

33. The foregoing shall not prohibit petitioners' counsel from citing or repeating information in the public domain that petitioners' counsel does not know to be classified information or a classified document, or derived from classified information or a classified

document.

34. All documents containing classified information prepared, possessed or maintained by, or provided to, petitioners' counsel (except filings submitted to the Court and

11

served on counsel for the government), shall remain at all times in the control of the Court

Security Officer for the duration of these cases. Upon final resolution of these cases, including

all appeals, all such documents shall be destroyed by the Court Security Officer.

Access to Protected Information and Documents

35. Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following:

a. petitioners' counsel, provided such individuals have signed the Acknowledgment, attached hereto as Exhibit C, attesting to the fact that they have read this

Protective Order and agree to be bound by its terms; and

b. the Court and its support personnel.

36. The execution of the Acknowledgment is a condition precedent for petitioners' counsel to have access to, or continued access to, protected information for the purposes of this

proceeding. A copy of each executed Acknowledgment shall be kept by counsel making the

disclosure until thirty (30) days after the termination of this action, including appeals.

37. The substitution, departure, or removal of petitioners' counsel from these cases for any reason shall not release that person from the provisions of this Protective Order or the

Acknowledgment executed in connection with this Protective Order.

38. Petitioners' counsel shall not disclose the contents of any protected documents or information to any person, to include counsel in related cases brought by Guantanamo Bay

detainees in this or other courts, except those authorized pursuant to this Protective Order, the

Court, or counsel for the government. Except as otherwise specifically provided by Judge

Colleen Kollar-Kotelly with respect to counsel for petitioners Mohammed Ahmed al
Kandari,
Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in Al
Odah v.
United States, 02-CV-0828 (CKK), counsel for petitioners in these coordinated cases
may share
protected information with each other but only to the extent that counsel have appropriate

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 11 of 31
12
security clearances and that all other procedures set forth in this Protective Order are
complied
with. Petitioners' counsel shall maintain all protected information and documents
received
through this proceeding in a confidential manner.

39. Petitioners' counsel shall not disclose protected information not provided by
petitioner-detainee to that petitioner-detainee without prior concurrence of counsel for the
government or express permission of the Court.

40. No petitioner or counsel for petitioner shall disclose or cause to be disclosed any
information known or believed to be protected in connection with any hearing or
proceeding in
these cases except as otherwise provided herein.

41. At no time, including any period subsequent to the conclusion of the proceedings,
will petitioners' counsel make any public or private statements disclosing any protected
information or documents accessed pursuant to this Protective Order, including the fact
that any
such information or documents are protected.

42. Protected information shall be used only for purposes directly related to these
cases and not for any other litigation or proceeding, except by leave of the Court.
Photocopies of
documents containing such information shall be made only to the extent necessary to
facilitate
the permitted use hereunder.

43. Nothing in this Protective Order shall prevent the government from using for any
purpose protected information it provides a party. Nothing in this Protective Order shall
entitle
another party to protected information.

44. Supplying protected information to another party does not waive privilege with
respect to any person or use outside that permitted by this Protective Order.

45. Within sixty (60) days of the resolution of these actions, and the termination of
any appeals therefrom, all protected documents or information, and any copies thereof,
shall be
promptly destroyed, provided that the party to whom protected information is disclosed
certifies

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 12 of 31
13

in writing that all designated documents and materials have been destroyed, and further provided
that counsel for the government may retain one complete set of any such materials that were
presented in any form to the Court. Any such retained materials shall be placed in an envelope or
envelopes marked "Protected Information Subject to Protective Order." In any subsequent or
collateral proceeding, a party may seek discovery of such materials from the government, without
prejudice to the government's right to oppose such discovery or its ability to dispose of the
materials pursuant to its general document retention policies.

Procedures for Filing Documents

46. Until further order of this Court, any pleadings or other document filed by a
petitioner shall be filed under seal with the Court through the Court Security Officer unless the
petitioner has obtained from the Court Security Officer permission, specific to a particular, nonsubstantive
pleading or document (e.g., motions for extensions of time, continuances, scheduling
matters, etc.) not containing information that is or may be classified or protected, to file the
pleading or document not under seal. The date and time of physical submission to the Court
Security Officer shall be considered the date and time of filing with the Court. The Court
Security Officer shall promptly examine the pleading or document and forward it to the
appropriate agencies for their determination whether the pleading or document contains classified
information. If it is determined that the pleading or document contains classified information,
the Court Security Officer shall ensure that portion of the document, and only that portion, is
marked with the appropriate classification marking and that the document remains under seal. If
it is determined that the pleading or document contains protected information, the Court Security
Officer shall ensure that portion of the document, and only that portion, remains under seal. Any
document filed by petitioner that is determined not to contain classified information or protected
information, and is not subject to any other restrictions on disclosure, shall immediately be
unsealed by the Court Security Officer and placed in the public record. The Court Security

Officer shall immediately deliver under seal to the Court and counsel for the government any

pleading or document to be filed by petitioners that contains classified information or protected

information. The Court shall then direct the clerk to enter on the docket sheet the title of the

pleading or document, the date it was filed, and the fact that it has been filed under seal with the

Court Security Officer.

47. Any pleading or other document filed by the government containing classified

information shall be filed under seal with the Court through the Court Security Officer. The date

and time of physical submission to the Court Security Officer shall be considered the date and

time of filing with the Court. The Court Security Officer shall serve a copy of any classified

pleadings by the government upon the Petitioner at the secure facility.

48. Nothing herein shall require the government to disclose classified or protected

information. Nor shall anything herein prohibit the government from submitting classified

information or protected information to the Court *in camera* or *ex parte* in these proceedings, or

entitle petitioners or petitioners' counsel access to such submissions or information. Except for

good cause shown in the filing, the government shall provide counsel for the petitioner or

petitioners with notice served on such counsel on the date of the filing.

Penalties for Unauthorized Disclosure

49. Any unauthorized disclosure of classified information may constitute violations of

United States criminal laws. In addition, any violation of the terms of this Protective Order shall

be immediately brought to the attention of the Court and may result in a charge of contempt of

Court and possible referral for criminal prosecution. See e.g., Executive Order 12958, as

amended. Any breach of this Protective Order may also result in the termination of access to

classified information and protected information. Persons subject to this Protective Order are

advised that direct or indirect unauthorized disclosure, retention, or negligent handling of

classified documents or information could cause damage to the national security of the United

15

States or may be used to the advantage of an adversary of the United States or against the

interests of the United States. Persons subject to this Protective Order are also advised that direct

or indirect unauthorized disclosure, retention, or negligent handling of protected documents or
information could risk the security of United States government personnel and facilities, and
other significant government interests. This Protective Order is to ensure that those authorized to
receive classified information and protected information will not divulge this information to
anyone who is not authorized to receive it, without prior written authorization from the original
classification authority and in conformity with this Protective Order.

50. The termination of these proceedings shall not relieve any person or party provided classified information or protected information of his, her, or its obligations under this
Protective Order.

IT IS SO ORDERED.

November 8, 2004 _____/s/_____

JOYCE HENS GREEN
United States District Judge

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 15 of 31

# Exhibit A

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 16 of 31

EXHIBIT A

1

**REVISED PROCEDURES FOR COUNSEL ACCESS TO DETAINEES
AT THE U.S. NAVAL BASE IN GUANTANAMO BAY, CUBA**

**I. Applicability**

Except as otherwise stated herein or by other Order issued in the United States District
Court for the District of Columbia, the following procedures shall govern counsel access to all
detainees in the control of the Department of Defense ("DoD") at the U.S. Naval Base in
Guantanamo Bay, Cuba ("GTMO") by counsel for purposes of litigating the cases in which this
Order is issued.

These procedures do not apply to counsel who are retained solely to assist in the defense
of a detainee in a trial by military commission. Access by that counsel is covered by the
Procedures for Monitoring Communications Between Detainees Subject to Trial by Military
Commission and their Defense Counsel Pursuant to Military Commission Order No. 3.

**II. Definitions**

A. Communications: All forms of communication between counsel and a detainee, including
oral, written, electronic, or by any other means.

B. Counsel: An attorney who is employed or retained by or on behalf of a detainee for purposes

of representing the detainee in the United States District Court for the District of Columbia and
who is admitted, either generally or pro hac vice, in this Court. Unless otherwise stated, "counsel" also includes co-counsel, interpreters, translators, paralegals, investigators and all
other personnel or support staff employed or engaged to assist in the litigation.
C. Detainee: An individual detained by DoD as an alleged enemy combatant at the U.S. Naval
Base in Guantanamo Bay, Cuba.
D. Privilege Team: A team comprised of one or more DoD attorneys and one or more intelligence or law enforcement personnel who have not taken part in, and, in the future, will not
take part in, any domestic or foreign court, military commission or combatant status tribunal
proceedings involving the detainee. If required, the privilege team may include interpreters/translators, provided that such personnel meet these same criteria.
E. Legal Mail: Letters written between counsel and a detainee that are related to the counsel's
representation of the detainee, as well as privileged documents and publicly-filed legal documents relating to that representation.
Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 17 of 31
EXHIBIT A
2

**III. Requirements for Access to and Communication with Detainees**
A. Security Clearance:
1. Counsel must hold a valid current United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel).
2. Counsel who possess a valid security clearance shall provide, in writing, the date of their background investigation, the date such clearance was granted, the level of the clearance, and the agency who granted the clearance. Access will be granted only after DoD verification of the security clearance.
3. Counsel who does not currently possess a Secret clearance will be required to submit to an application for clearance to the Department of Justice, Litigation Security Division.
B. Acknowledgment of and Compliance with Access Procedures
1. Before being granted access to the detainee, counsel will receive a copy of these procedures. To have access to the detainee, counsel must agree to comply fully with these procedures and must sign an affirmation acknowledging his/her agreement to comply with them.
2. This affirmation will not be considered an acknowledgment by counsel that the procedures are legally permissible. Even if counsel elects to challenge these procedures, counsel may not knowingly disobey an obligation imposed by these procedures.
3. The DoD expects that counsel, counsel's staff, and anyone acting on the behalf of the attorney will fully abide by the requirements of this document. Counsel is

required to provide the DoD with signed affirmations from interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation, upon utilization of those individuals by counsel in a manner that implicates these procedures.

4. Should counsel fail to comply with the procedures set forth in this document, access to or communication with the detainee will not be permitted.

C. Verification of Representation

1. Prior to being permitted access to the detainee, counsel must provide DoD with a *Notification of Representation*. This Notification must include the counsel's licensing information, business and email addresses and phone number, as well as

EXHIBIT A

3

the name of the detainee being represented by the counsel. Additionally, counsel shall provide evidence of his or her authority to represent the detainee.

2. Counsel shall provide evidence of his or her authority to represent the detainee as soon as practicable and in any event no later than ten (10) days after the conclusion of a second visit with the detainee. The Court recognizes that counsel may not be in a position to present such evidence after the initial meeting with a detainee. Counsel for detainees and counsel for respondents shall cooperate to the fullest extent possible to reach a reasonable agreement on the number of counsel visits allowed. Should counsel for a detainee believe that the government is unreasonably limiting the number of visits with a detainee, counsel may petition the Court at the appropriate time for relief.

3. If the counsel withdraws from representation of the detainee or if the representation is otherwise terminated, counsel is required to inform DoD immediately of that change in circumstances.

4. Counsel must provide DoD with a signed representation stating that to the best of counsel's knowledge after reasonable inquiry, the source of funds to pay counsel any fees or reimbursement of expenses are not funded directly or indirectly by persons or entities the counsel believes are connected to terrorism or the product of terrorist activities, including "Specially Designated Global Terrorists," identified pursuant to Exec. Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23, 2001) or Exec. Order No. 12,947, 60 Fed. Reg. 5079 (Jan. 23, 1995), and (b) counsel has complied with ABA Model Rule 1.8(f).

D. Logistics of Counsel Visits

1. Counsel shall submit to the Department of Justice (DoJ) any request to meet with a detainee. This request shall specify date(s) of availability for the meeting, the desired duration of the meeting and the language that will be utilized during the meeting with the detainee. Reasonable efforts will be made to accommodate the counsel's request regarding the scheduling of a meeting. Once the request has been approved, DoJ will contact counsel with the date and duration of the meeting.

2. Legal visits shall take place in a room designated by JTF-Guantanamo. No more than two attorneys (or one attorney and one assistant) plus one interpreter/translator shall visit with a detainee at one time, unless approved in

advance by the Commander, JTF-Guantanamo. Such approval shall not be unreasonably withheld.

3. Due to the mission and location of the US Naval Base at Guantanamo Bay, Cuba, certain logistical details will need to be coordinated by counsel prior to arrival. This includes arrangements for travel and lodging. Specific information regarding these issues will be provided by DoJ.

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 19 of 31
EXHIBIT A
4

4. In order to travel to GTMO, all counsel must have a country and theater clearance for that specific visit. In order to begin processing country and theater clearances, counsel must have confirmed flight information for travel to GTMO and a valid current United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel). Country and theater clearances require twenty (20) days to process. Accordingly, counsel shall provide DoD, through DoJ, with the required information no later than 20 days prior to the GTMO visit date, or as soon as a visit is scheduled. Requests for visits made inside of 20 days will not normally be granted.

**IV. Procedures for Correspondence Between Counsel and Detainee**

A. Mail Sent by Counsel to Detainee ("Incoming Mail")

1. Counsel shall send incoming legal mail for a detainee to the privilege team at the appropriate address provided by government counsel. Each envelope or mailer shall be labeled with the name of the detainee and shall include a return address for counsel sending the materials. The outside of the envelope or mailer for incoming legal mail shall be labeled clearly with the following annotation: "Attorney-Detainee Materials-For Mail Delivery to Detainee."

2. Each page of legal mail shall be labeled "Attorney-Detainee Materials." No staples, paper clips or any non-paper items shall be included with the documents.

3. Upon receiving legal mail from counsel for delivery to the detainee, the privilege team shall open the envelope or mailer to search the contents for prohibited physical contraband. Within two (2) business days of receipt of legal mail, and assuming no physical contraband is present, the privilege team shall forward the mail to military personnel at GTMO in a sealed envelope marked "Legal Mail Approved by Privilege Team" and clearly indicating the identity of the detainee to which the legal mail is to be delivered. The privilege team shall return to the sender any incoming mail that does not comply with the terms of paragraphs IV.A.1., 2.

4. Within two (2) business days of receipt of legal mail from the privilege team, personnel at GTMO shall deliver the envelope or mailer marked by the privilege team as "Legal Mail Approved by the Privilege Team" to the detainee without opening the envelope or mailer. If counsel desires confirmation that the documents were delivered to the detainee, counsel is responsible for providing a stamped, self-addressed envelope for that purpose. The detainee shall be responsible for mailing any confirmation of delivery to counsel as outgoing legal mail. This method shall be the sole and exclusive means by which confirmation of delivery is provided to counsel.

EXHIBIT A

5

5. Written correspondence to a detainee not falling within the definition of legal mail shall be sent through the United States Postal Service to the appropriate address provided by government counsel. Non-legal mail includes, but is not limited to, letters from persons other than counsel, including family and friends of the detainee. These non-privileged communications will be reviewed by military personnel at GTMO under the standard operating procedures for detainee nonlegal mail.

6. Counsel is required to treat all information learned from a detainee, including any oral and written communications with a detainee, as classified information, unless and until the information is submitted to the privilege team and determined to be otherwise by the privilege team or by this Court or another court. Accordingly, if a counsel's correspondence contains any summary or recitation of or reference to a communication with a detainee that has not been previously determined to be unclassified, the correspondence shall be prepared, marked, transported and handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information and Security Supplement to DOD Regulation 5200.1R.

7. Written and oral communications with a detainee, including all incoming legal mail, shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not directly related to counsel's representation of that detainee; or security procedures at GTMO (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees, not directly related to counsel's representation.

B. Mail Sent by Detainee to Counsel ("Outgoing Mail")

1. Detainees will be provided with paper to prepare communications to counsel. In the presence of military personnel, the detainee will seal the written communication into an envelope and it will be annotated as "Attorney-Detainee Materials-For Mail Delivery To Counsel." Each envelope shall be labeled with the name of the detainee and the counsel. Envelopes annotated with the name of persons other the detainee's counsel (including family/friends or other attorneys) shall be processed according to the standard operating procedures for detainee non-legal mail.

2. Military personnel will collect the outgoing legal mail within one (1) business day of being notified by the detainee that the communication is prepared for sealing and mailing.

3. After the outgoing legal mail is collected from the detainee, the envelope will be sealed into a larger envelope by military personnel at Guantanamo which will be marked as "Attorney-Detainee Materials-For Mail Delivery To Counsel" and will

EXHIBIT A

6

be annotated with the name of the detainee and the counsel. The envelope will be sealed and mailed in the manner required for classified materials. Within two (2) business days of receipt from the detainee, the communication will be mailed to the appropriate address as provided by government counsel.

4. Detainees also are permitted to send non-legal mail, including written communications to persons other than counsel, through the United States Postal Service. These communications shall be reviewed by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail.

5. In the event any non-legal correspondence or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) are sent to counsel as, or included with, legal mail, counsel shall return the documents to military personnel at GTMO for processing according to the standard operating procedures for detainee non-legal mail.

**V. Materials Brought Into A Meeting With Detainee And Counsel**

A. Counsel shall bring only legal mail, writing utensils and paper into any meeting with a detainee unless counsel has received prior approval from the Commander, JTF-GTMO. The Commander shall not unreasonably withhold approval for counsel to bring into a meeting with a detainee letters, tapes, or other communications introducing counsel to the detainee, if the government has first reviewed the communication and determined that sharing the communication with the detainee would not threaten the security of the United States.

B. Written and oral communications with a detainee, including all documents brought into a meeting with a detainee, shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not directly related to counsel's representation of that detainee; or security procedures at GTMO (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees, not directly related to counsel's representation.

**VI. Materials Brought Out Of A Meeting With Detainee and Counsel**

A. Upon the completion of each meeting with a detainee or during any break in a meeting session, counsel will give the notes or documents used or produced during the meeting to a designated individual at Guantanamo. These materials will be sealed in the presence of counsel and will be handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

B. Upon the completion of the counsel's visit to Guantanamo, the notes or documents used or produced during the visit shall be sealed in the presence of

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 22 of 31

EXHIBIT A

7

counsel and placed in an envelope labeled as "Attorney-Detainee Meeting Documents–For Delivery to Counsel." The envelope shall be sealed into a larger envelope by military personnel at Guantanamo which shall be marked as "Attorney-Detainee Meeting Documents-For Mail Delivery To Counsel" and shall be annotated with the name of the detainee and the counsel. The envelope shall

be sealed and mailed in the manner required for classified materials. Within two (2) business days following the completion of the counsel's visit to Guantanamo, the package shall be mailed to the appropriate address provided by government counsel.

C. Correspondence or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) shall not be handled through this process. If a detainee provides these communications to his counsel during a visit, counsel shall give those communications to military personnel at Guantanamo so they can be processed under the standard operating procedures for detainee non-legal mail.

**VII. Classification Determination of Detainee Communications**

A. Counsel may submit information learned from a detainee to the privilege team for a determination of its appropriate security classification. Counsel shall memorialize the information submitted for classification review into a written memorandum outlining as specifically as possible the information for which counsel requests a classification determination. All documents submitted for classification review shall be prepared, handled and treated in the manner required for classified materials, as provided by as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R. No information derived from these submissions shall be disclosed outside the privilege team pursuant to these procedures until after the privilege team has reviewed it for security and intelligence purposes. Absent express consent given by the Court, or except as otherwise provided in this document, the submissions shall not be disclosed to any person involved in the interrogation of a detainee, and no such individual may make any use of those communications whatsoever, nor shall the submissions be disclosed to any Government personnel involved in any domestic or foreign court, military commission or combatant status tribunal proceedings involving the detainee.

B. Counsel shall send all materials submitted for classification review to the appropriate address to be provided by government counsel. The outside of the envelope or mailer shall be clearly labeled "Attorney-Detainee Meeting Documents-For Classification Review By Privilege Team." Each envelope or mailer shall be annotated with the name of the detainee and the counsel. Each page of the document submitted for classification review shall be marked "Attorney-Detainee Materials" and "Classified." The envelope or mailer will be sealed and mailed in the manner required for classified materials.

EXHIBIT A

8

C. As soon as possible after conducting the classification review, the privilege team shall advise counsel of the classification levels of the information contained in the materials submitted for review. The privilege team shall forward its classification determination directly to counsel after a review and analysis period not to exceed, from the time of receipt by the privilege team:

1. Seven (7) business days for information that is written in the English language;

2. Fourteen (14) business days for any information that includes writing in any

language other than English, to allow for translations by the privilege team;

3. Twenty (20) business days for any information where the privilege team has reason to believe that a code was used, to allow for further analysis.

D. While conducting classification review, the privilege team shall promptly report any information that reasonably could be expected to result in immediate and substantial harm to the national security to the Commander, JTF-Guantanamo. In his discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials as appropriate.

E. If, at any time, the privilege team determines that information in the documents submitted for classification review relate to imminent acts of violence, the privilege team shall report the contents of those documents to Commander, JTFGuantanamo.

In his discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials.

F. The privilege team shall not disclose any information submitted by counsel for classification review outside the privilege team, except as provided by these procedures or as permitted by counsel submitting the information.

**VIII. Telephonic Access to Detainee**

A. Requests for telephonic access to the detainee by counsel or other persons will not normally be approved. Such requests may be considered on a case-by-case basis due to special circumstances and must be submitted to Commander, JTFGuantanamo.

B. Any telephonic access by counsel will be subject to appropriate security procedures, but shall not include contemporaneous monitoring or recording.

C. Any telephonic access by persons other than counsel will be subject to appropriate security procedures, including contemporaneous monitoring and recording.

EXHIBIT A

9

**IX. Counsel's Handling And Dissemination Of Information From Detainee**

A. Subject to the terms of any applicable protective order, counsel may disseminate the unclassified contents of the detainee's communications for purposes reasonably related to their representation of that detainee.

B. Counsel is required to treat all information learned from a detainee, including any oral and written communications with a detainee, as classified information, unless and until the information is submitted to the privilege team and determined to be otherwise. All classified material must be handled, transported and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

C. Counsel shall disclose to DoJ or Commander, JTF-Guantanamo any information learned from a detainee involving future events that threaten national security or involve imminent violence.

D. Counsel may not divulge classified information not learned from the detainee to the detainee. Counsel may not otherwise divulge classified information related to a detainee's case to anyone except those with the requisite security clearance and

need to know using a secure means of communication. Counsel for detainees in the coordinated cases pending in the United States District Court for the District of Columbia are presumed to have a "need to know" information in related cases pending before this Court. Counsel for respondents in those cases may challenge this presumption on a case-by-case basis for good cause shown.

## X. JTF-Guantanamo Security Procedures

A. Counsel and translators/interpreters shall comply with the following security procedures and force protection safeguards applicable to the US Naval Base in Guantanamo Bay, Cuba, JTF-Guantanamo and the personnel assigned to or visiting these locations, as well as any supplemental procedures implemented by JTF-Guantanamo personnel.

B. Contraband is not permitted in JTF-Guantanamo and all visitors are subject to search upon arrival and departure. Examples of contraband include, but are not limited to, weapons, chemicals, drugs, and materials that may be used in an escape attempt. Contraband also includes money, stamps, cigarettes, writing instruments, etc. No items of any kind may be provided to the detainee without the advance approval of the Commander, JTF-Guantanamo.

C. Photography or recording of any type is prohibited without the prior approval of the Commander, JTF-Guantanamo. No electronic communication devices are permitted. All recording devices, cameras, pagers, cellular phones, PDAs, laptops, portable electronic devices and related equipment are prohibited in or near JTF-Guantanamo. Should any of these devices be inadvertently taken into a

EXHIBIT A

10

prohibited area, the device must be surrendered to JTF-Guantanamo staff and purged of all information.

D. Upon arrival at JTF-Guantanamo, security personnel will perform a contraband inspection of counsel and translators/interpreters using metal detectors as well as a physical inspection of counsel's bags and briefcases and, if determined necessary, a physical inspection of his/her person.

E. Counsel shall not be permitted to interview or question members of the Joint Task Force about their duties or interactions with detainees without first obtaining permission from the Commander, Joint Task Force Guantanamo. Should permission be unreasonably denied, counsel may seek an Order from this Court granting permission for good cause shown.

F. Counsel will meet with a detainee in conference facilities provided by GTMO. These facilities are subject to visual monitoring by closed circuit TV for safety and security reasons. (The only other method of visual observation available is for the door to remain open with military police sitting outside the door.). No oral communications between counsel and detainee will be heard.

G. At the conclusion of a meeting with a detainee, counsel and translators/interpreters will again be inspected using a metal detector and, if deemed necessary, by physical inspection of their persons.

# Exhibit B

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

)

, *et al.* ))

Petitioners, ))

v. ) Civil Action No.

)

GEORGE W. BUSH, )

President of the United )

States, *et al.,* ))

Respondents. )

**MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO**

**CLASSIFIED NATIONAL SECURITY INFORMATION**

Having familiarized myself with the applicable statutes,

regulations, and orders related to, but not limited to,

unauthorized disclosure of classified information,

espionage and

related offenses; The Intelligence Identities Protection

Act, 50

U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. §

17 et

seq.; and Executive Order 12958; I understand that I may be

the

recipient of information and documents that belong to the

United

States and concern the present and future security of the

United

States, and that such documents and information together

with the

methods and sources of collecting it are classified by the

United

States government. In consideration for the disclosure of

classified information and documents:

(1) I agree that I shall never divulge, publish, or reveal

either by word, conduct or any other means, such classified

EXHIBIT B

2

documents and information unless specifically authorized in

writing to do so by an authorized representative of the

United

States government, or as expressly authorized by the Protective
Order entered in the United States District Court for the
District of Columbia in the case captioned _____ v. George
W. Bush, No. _____.
(2) I agree that this Memorandum of Understanding and any
other non-disclosure agreement signed by me will remain forever
binding on me.
(3) I have received, read, and understand the Protective
Order entered by the United States District Court for the
District of Columbia in the case captioned _____ v. George
W. Bush, No. _____, and I agree to comply with the provisions
thereof.
Date
Date

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 29 of 31

# Exhibit C

Case 1:04-cv-02035-GK Document 7-2 Filed 12/16/2004 Page 30 of 31

EXHIBIT C

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the
Protective Order entered in the United States District Court for
the District of Columbia in the case captioned _____
v.
George W. Bush, No. _____, understands its terms, and agrees to
be bound by each of those terms. Specifically, and without
limitation, the undersigned agrees not to use or disclose any
protected information or documents made available to him/her
other than as provided by the Protective Order. The undersigned
acknowledges that his/her duties under the Protective Order shall
survive the termination of this case and are permanently binding,
and that failure to comply with the terms of the Protective Order

may result in the imposition of sanctions by the Court.
DATED: BY:
(type or print name)
SIGNED:

Case 1:04-cv-02035-GK  Document 7-2  Filed 12/16/2004  Page 31 of 31

**ISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**HAMID AL RAZAK,**

        **Petitioner,**

**by his Next Friend**
**BISHER AL RAWI**

        **v.**                            **No.  05 CV 1601**
                                                     **(GK)**

**GEORGE W. BUSH, DONALD RUMSFELD,**
**JAY HOOD, AND MIKE BUMGARNER,**

        **Respondents.**

**DECLARATION OF ALAN N. SUSSMAN IN SUPPORT**
**OF PETITIONER'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

        1.        I am co-counsel for Hamid Al Razak, Petitioner herein, and I make this

Declaration in support of his motion for entry of a Protective Order.

        2.        In summer, 2005, I agreed to represent, at no fee, a detainee at

Guantanamo Bay, as co-counsel with Barbara Olshansky and Gitanjali Grutierrez at the

Center for Constitutional Rights (CCR) in New York City.

        3.        On or about 10 August 2005, I filed a petition for a Writ of *Habeas*

*Corpus* with this Court in the name of Hamid Al Razak, by his Next Friend, Bisher Al

Rawi.

        4.        Shortly thereafter, I applied for security clearance with the U.S.

Department of Justice.  I did not receive security clearance to view classified materials, as

I was denied same by the Department of Justice on or about 18 April 2006.

5.      Without the entry of the Orders, no attorney, even co-counsel who have security clearance, is able to be in communication with Petitioner.  Once the Protective Order is entered, my co-counsel intend to visit Petitioner forthwith, who, upon information and belief, is at present unaware that he has counsel or that his petition is pending in this Court.

6.      I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Further Declarant sayeth not.

Executed this 11th day of July, 2006, in Bearsville, New York.


_____/s/_____
ALAN N. SUSSMAN, ESQ.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the Motion, Memorandum of Law in support of Motion and Draft Order were served upon the following person by e-mail on the 11th day of July, 2006:

Preeya M. Noronha
Trial Attorney
Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C.  20530
E-Mail:  preeya.noronha@usdoj.gov

And upon the following person by Certified Mail, Return Receipt Requested:

Alberto R. Gonzales
Attorney General of United States
U.S. Department of Justice
Robert F. Kennedy Building, Room 5111
Tenth Street & Constitution Ave., NW
Washington, D.C. 20530

_____
ALAN N. SUSSMAN