IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAMID AL RAZAK, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br>   President of the United States, ) <br>   *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 05-CV-1601 (GK) |

**RESPONDENTS' OPPOSITION TO MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby respectfully submit this memorandum in opposition to petitioners' motion for entry of protective order (dkt. no. 28).

Petitioners' motion should be denied because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over this action in the D.C. Circuit. The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider *habeas* petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, id., § 1005(e)(1), (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. While the Supreme Court in Hamdan v. Rumsfeld, 548 U.S. —, slip op. at 7-20 (U.S. June 29, 2006), held that § 1005(e)(1)

of the Detainee Treatment Act did not apply to *habeas* petitions pending prior to the enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment. Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be *habeas* cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3). We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit." Hamdan, slip op. at 18, n.14. The above-captioned case is such a case, i.e., challenging petitioners' designation as an enemy combatant through the Combatant Status Review Tribunal. Given the Act's investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over this case for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including *habeas corpus*. Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v.

Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition."). See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals). The relief requested by petitioner would require an assertion of jurisdiction and authority in the case inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

    Thus, the Supreme Court's decision in Hamdan has not resolved the issue of whether this Court may exercise jurisdiction in this case in light of the Act. The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v. United States, No. 05-5064),[1] and respondents have recently requested that the Court of Appeals permit additional briefing on the

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006.

effect of the Hamdan decision on this issue.[2] Accordingly, while petitioners' motion for entry of protective order should be denied, at a minimum, a stay of proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act by the Court of Appeals.

In addition to the jurisdictional defect discussed above, petitioners' motion should be denied because petitioners have failed to establish that the petition for writ of habeas corpus in this case has been properly brought before this Court. The petition is not directly authorized by petitioner seeking habeas relief (Hamid Al Razak), nor has the putative "next friend" detainee, Bisher Al-Rawi, established appropriate next friend standing under Whitmore v. Arkansas, 495 U.S. 149 (1990). See Respondents' Memorandum In Opposition To Petitioners' Motion For An Order Directing Respondents To Provide Information Regarding Identification of Petitioner Hamid Al Razak And A Factual Return (dkt. no. 24) at 3-4.[3]

For these reasons, the Court should deny petitioners' motion for entry of protective order.

---

[2] Petitioners in the cases involved in the appeals have opposed respondents' request for supplemental briefing.

[3] Respondents' opposition memorandum also opposed relief on the grounds that respondents were unable identify petitioner Hamid Al Razak as a detainee at Guantanamo Bay. See id. at 4-5. This was based on the fact that while respondents had identified petitioner as the detainee at Guantanamo with Internment Serial Number (ISN) 1119, petitioners' motion for an order directing respondents to provide information regarding petitioner had taken issue with the identification. Id. However, petitioners' reply memorandum in support of their motion (dkt. no. 25) appears to confirm that petitioner, indeed, is the detainee previously identified by respondents, i.e., the detainee with ISN 1119. Consequently, absent additional information from counsel regarding petitioner's identification, respondents intend to proceed in this litigation on the basis of that identification.

Dated: July 25, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

      /s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN (IN Bar No. 23840-49)
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents