IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HAMID AL RAZAK,**

        **Petitioner,**

by his Next Friend
**BISHER AL RAWI**

        v.                                        No.  05 CV 1601
                                                        (GK)

**GEORGE W. BUSH, DONALD RUMSFELD,
JAY HOOD, AND MIKE BUMGARNER,**

        **Respondents.**

## REPLY TO RESPONDENTS' OPPOSITION TO
## MOTION FOR ENTRY OF PROTECTIVE ORDER

      Respondents rely entirely on the argument that 1) Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit.X, 119 Stat 2680 (hereinafter: "DTA"), amending 28 U.S.C. § 2241, deprives this Court of jurisdiction over the case herein and that 2) the recent Supreme Court ruling in *Hamdan v. Rumsfeld*, 548 U.S. ___, 126 S.Ct. 2749 (June 29, 2006) did not rule otherwise, even though the case herein was filed *before* the DTA was enacted.

      Petitioner filed his Petition for *Habeas Corpus* on 10 August 2005.  On December 30, 2005, the President of the United States signed the Act into law.  On June 29, 2006, the United States Supreme Court issued its decision in *Hamdan*.

**ARGUMENT**

**RESPONDENTS' ASSERTION THAT, NOTWITHSTANDING *HAMDAN*, THE DTA DIVESTS THIS COURT OF JURISDICTION SHOULD BE REJECTED**

Section 1005(e)(1) of the DTA provides that no court shall have jurisdiction to consider "an application for a writ of habeas corpus filed by or on behalf of an alien detained by the Department of Defense at Guantanamo Bay, Cuba." Respondents concede, as they must, that in *Hamdan* the Supreme Court resoundingly rejected any Section 1005(e)(1) argument. After reviewing the statutory text and legislative history, the Supreme Court held that "§105(e)(1) does not strip federal courts' jurisdiction over cases pending on the date of the DTA's enactment." 126 S. Ct. at 2769 n. 15. Because *Hamdan*, like the case at bar, involved a *habeas* petition that was pending at the time of the enactment of the DTA, the exercise of jurisdiction was appropriate.

Nevertheless, Respondents cling to their DTA argument. They now assert that jurisdiction in this Court is barred by the exclusive review provisions of the DTA, in particular, they point to Section 1005(e)(2) and (e)(3) which vests the District of Columbia Circuit Court of Appeals with exclusive authority to review the validity of any "final decision" within the meaning of subsection (e)(2) or (e)(3).[1] Respondents' argument has no merit.

As the *Hamdan* Court recognized, "subsections (e)(2) and (e)(3) grant jurisdiction only over actions 'to determine the validity of any final decision' of a CSRT or commission." 126 S. Ct. at 2768-69. Thus, a petitioner who is "not contesting any 'final decision' of a CSRT or military commission…does not fall within the scope of

---

[1] Section 1005(e)(3) pertains to review of the decision of any military commission concerning the detainee. Petitioner is not the subject of any such commission therefore, Section 1005(e)(3) has no bearing on this case.

subsection (e)(2) or (e)(3)." *Id.* At 2769.  Expanding on this point, the Court indicated that while a challenge to the final decision of the CSRT would be subject to the exclusive review requirement of Section 1005(e)(2), *habeas* actions seeking more fundamental relief would not:

> There is nothing absurd about a scheme under which pending habeas actions- particularly those, like this one, that challenge the very legitimacy of the tribunals whose judgments Congress would like to have reviewed- are preserved, and more routine challenges to final decisions rendered by those tribunals are carefully channeled to a particular court and through a particular lens of review.  (*Id.*) [2]

The case at bar is not a routine challenge to the final decision of a CSRT. Petitioners assert numerous (16) causes of action, allege that the Executive's conduct and policies exceed the bounds of Article II of the Constitution, and seek, in addition to declaratory and injunctive relief, *habeas corpus* – the remedy that permits them to demand either release to freedom or legal justification for imprisonment.  In doing so they deny the legitimacy of the CSRTs.  For example, their Petitions allege, among other things, that:  (1) Petitioners are not properly detained subject to President Bush's authority as COmander-in-Chief, under the laws and usages of war, or Joint Resolution 23, Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224 (Sept. 18, 2001) ("AUMF"); 92) the executive order issued by President Bush, 66 Fed. Reg. 57,833 §2 (Nov. 13, 2001), was not authorized by Congress and is beyond the scope of the Joint Resolution; (3) Petitioner has been denied the process due to him under the common law and the Due Process Clause of the Fifth Amendment, domestic civil and military law, and international law; (4) the conditions of confinement at Guantanamo are in violation of the Constitution, the regulations of the United States Military, the Geneva Convention, the

---

[2] See, at 2185 (Scalia, J., dissenting):  "By drawing a negative inference *á la Lindh,* the Court supplants this exclusive review mechanism with a dual-review mechanism for petitioners who were expeditious enough to file applications challenging the CSRTs or military commissions before December 30, 2005."

International Convention on Civil and Political Rights, the American Declaration on the Rights and Duties of Man, the 1954 Convention Relating to the Status of Refugees and customary international law; and (5) Petitioners are at risk of being rendered without lawful procedures to a country that engages in torture during interrogations and incarceration. (Petition for *Habeas Corpus,* filed 10 August 05.) Petitioner seeks relief under the Fifth Amendment, the Third and Fourth Geneva Conventions, customary international humanitarian and human rights law, the Alien Tort Statute, Article II of the Constitution, the Administrative Procedure Act, the Convention Against Torture, the 1954 Convention Relating to the Status of Refugees, 28 U.S.C. §§ 2241 and 2242, the Declaratory Judgment Act. (*Id.*) Accordingly, Respondents' attempt to recast Petitioner's action as nothing more than a challenge to the validity of their CSRT decisions must fail. [3]

Subsequent to the *Hamdan* decision, this Court has recognized its authority to exercise jurisdiction over the Guantanamo *habeas* cases. By Order dated July 3, 2006, this Court entered the Protective Order in the matter of *al Darby v. Bush,* Case No. 05-2371 (RCL) (Ex. A.) Similarly, in a July 5, 2006, Order in *Hamoud v. Bush*, (05-1894), Judge Roberts concluded that "the [*Hamdan*] Court made clear that this court retains jurisdiction over this *habeas corpus* petition." (Even before *Hamdan* was decided, a number of district court judges rejected the assertion that the DTA precluded entry of the protective order.)

---

[3] Given the breadth of the relief sought by Petitioner, the *Hamdan* Court's statement that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of the subsection (e)(2) or (e)(3)," 126 S. Ct. at 2769, has no bearing here. *Cf. id.* At 2817 (Scalia, J., dissenting) ("[t]he vast majority of pending petitions no doubt, do not relate to military commissions at all, but to more commonly challenged aspects of 'detention' such as the terms and conditions of confinement").

Moreover, Respondents have themselves recognized the continued authority of this Court to exercise its jurisdiction over these matters. On July 17, 2006, Respondents filed in this case and others a Motion for Procedures Relating to Review of Certain Detainee Materials (now apparently withdrawn for different reasons). Respondents cannot have it both ways: requesting the assistance of this Court when it suits their needs, and simultaneously denying the authority of the Court to act on any request for relief filed by Petitioner.[4]  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Based upon the foregoing, Respondents' assertion that this Court lacks jurisdiction over this matter is clearly erroneous and should be rejected.[5]

|  |  |
|---|---|
| Dated:  July 28, 2006 | Respectfully submitted, <br> Counsel for Petitioner |
|  | _____/s/_____ <br> ALAN N. SUSSMAN <br> Sussman Office <br> Post Office Box 379 <br> Bearsville, New York 12409 <br> Tel: (845) 679-6927 <br> Fax: (845) 679-6927 |
|  | *Of Counsel* <br> Barbara Olshanksy (BO3635) <br> Gitanjali S. Gutierrez (GG1234) <br> Center for Constitutional Rights <br> 666 Broadway, 7th Floor <br> New York, New York 10012 <br> Tel: (212) 614-6464  Fax: (212) 614-6499 |

---

[4] Respondents cannot avoid the inconsistency of their actions merely by including in their Motion for Procedures a statement that the Motion is filed "without prejudice to the respondents' position that the Court lacks jurisdiction." (Motion for Procedures at 2 n.3.)

[5] Any decision that the DTA eliminates jurisdiction over Petitioner's pending habeas claims notwithstanding *Hamdan* would necessarily violate, among other things, the Suspension Clause, the Fifth Amendment's guarantees of due process and equal protection, and the prohibition against Bills of Attainder.  Petitioner respectfully requests the opportunity to brief those issues should the Court conclude that the DTA divest it of jurisdiction over this action.

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the Reply to Respondents' Opposition to Motion for Entry of Protective Order was served upon the following person by e-mail on the 28th day of July, 2006:

Preeya M. Noronha
Trial Attorney
Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C. 20530
E-Mail: preeya.noronha@usdoj.gov

And upon the following person by Certified Mail, Return Receipt Requested:

Alberto R. Gonzales
Attorney General of United States
U.S. Department of Justice
Robert F. Kennedy Building, Room 5111
Tenth Street & Constitution Ave., NW
Washington, D.C. 20530

_____
ALAN N. SUSSMAN