# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HAMID AL RAZAK, *et al.*,          :
                                   :
          Petitioners,             :
                                   :
     v.                            :     **Civil Action No. 05-1601 (GK)**
                                   :
GEORGE W. BUSH, *et al.*,          :
                                   :
          Respondents.             :

## MEMORANDUM ORDER

Respondents have moved for an Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, in the Alternative, to Stay Proceedings Pending Related Appeals and For Continued Coordination.  Upon consideration of the Motion, Petitioners' Opposition, Respondents' Reply, and the applicable case law, the Court concludes for the following reasons that the Motion for an Order to Show Cause should be **denied** and that the Motion to Stay the Proceedings Until Conclusion of the Related Appeals should be **granted**.

1.     The Court has concluded that Petitioner in this case has satisfied the requirements set forth in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), (1) that he demonstrate that the detainee on whose behalf he wishes to file a Petition for Writ of Habeas Corpus cannot challenge the legality of his detention himself and (2) that he has a significant relationship with the detainee evidencing that he is truly dedicated to the detainee's best interest.  On pages 2-3 of the Opposition filed by Petitioner, he identifies the legal, cultural, and psychological isolation in which the detainee exists which demonstrate his inability to challenge the legality of his detention.  They are as follows:

He is a resident of Afghanistan.

He has had virtually no contact with the news media or any word from outside the closed Guantanamo prison system for over 3 years.

He has had no contact with his friends or family members outside Guantanamo.

He is unfamiliar with the United States Court System.

He does not speak English.

He likely does not know what the term *Habeas Corpus* means.

He has no criminal charges against him.

He has every reason to distrust his captors and keepers.

He has every reason to rely on the friendship with other detainees, who speak his language and suffer the same disabilities.

He has every reason to challenge his confinement.

No party outside Guantanamo is aware of the specific camp in which he is being detained, nor the "grade" or "level" of detention he is presumed to be, each level being determinative of the privileges he receives.

He does not have access to a law library.

He cannot communicate with his attorney, nor does he even know at present that he has an attorney.

He has no expectation of release, ever.

In light of these facts, there can be little doubt in the Court's mind that Mr. Al Razak is not able to challenge the legality of his detention.

In response, the Government argues vigorously that it has made a number of different efforts to make counsel available, including through the American Bar Association and others, to those

detainees who do wish to file writs of habeas corpus, and that more than 200 of the detainees at Guantanamo have in fact filed such writs in their own names. The fact that some of the unfortunate petitioners who have been detained for many years in the terrible conditions at Guantanamo Bay have been knowledgeable enough to file their own petitions certainly does not demonstrate that Mr. Al Razak himself had either the sophistication, or confidence in the American justice system which has so delayed ruling on his status without even filing criminal charges against him, or the physical or mental stability, to do so on his own.

Finally, the Government has offered no evidence to contradict Petitioner's statements that he understands the meaning of the term "next friend," and that he knows that Mr. Al Razak wants a lawyer to assert his legal rights.

2.    In numerous cases, the Court has felt compelled, for purposes of judicial economy and efficiency, to grant Respondents' Motions to stay proceedings of the Guantanamo Bay cases until completion of related appeals. The longer those appellate proceedings drag on, the more problematic it becomes as to whether a stay serves the interest of justice. It is often said that "justice delayed is justice denied." Nothing could be closer to the truth with reference to the Guantanamo Bay cases.

**WHEREFORE**, it is this 1st day of December, 2006, hereby

**ORDERED** that Respondents' Motion for an Order to Show Cause is **denied**; and it is further

**ORDERED** that Respondents' Motion to Stay, [**#3**], is **granted** pending resolution of all appeals in <u>In re Guantanamo Bay Detainee Cases</u>, 355 F. Supp. 2d 443 (D.D.C. 2005) and <u>Khalid v. Bush</u>, 355 F. Supp. 2d 311 (D.D.C. 2005).  This stay shall not prevent the parties from filing any motion for emergency relief; and it is further

**ORDERED** that Petitioner's counsel are to be given access to Petitioner as soon as they obtain security clearances in accordance with this Court's September 19, 2006 Order and the Orders referenced therein.[1]


/s/ _____
Gladys Kessler
United States District Judge


**Copies via ECF to all counsel of record**

---

[1]  (1)The Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; (2) the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004, Amended Protective Order, issued on December 13, 2004, in <u>In re Guantanamo Bay Detainee Cases</u>, Civil No. 02-0299, <u>et al.</u>, by Judge Joyce Hens Green.