D.  Protected information may be transported and handled outside of a secure facility but may not be displayed publicly, disseminated to or shared with unauthorized persons, or released publicly without leave of this Court or specific authorization of the Government.

E.  Petitioners' counsel shall not disclose the contents of any protected documents or information to any person, to include counsel in related cases brought by Guantanamo Bay detainees in this Court or any other court. Petitioners' counsel shall maintain all protected information and documents received through this proceeding in a confidential manner.

F.  Petitioners' counsel shall not disclose protected information to the petitioner, unless that information was obtained in the first instance from the petitioner, unless counsel obtains prior concurrence of counsel for the Government or express permission of the Court.

G.  Neither petitioner nor counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case except as otherwise provided

herein.

H.    At no time, including any period subsequent to the conclusion of the
proceedings, will petitioners' counsel make any public or private statements
disclosing any protected information or documents accessed pursuant to this
Protective Order, including the fact that any such information or documents are
protected.

I.    Protected information shall be used only for purposes directly related to this
case and not for any other litigation or proceeding, except by leave of the
Court. Photocopies of documents containing such information shall be made
only to the extent necessary to facilitate the permitted use hereunder.

J.    Nothing in this Protective Order shall prevent the Government from using for
any purpose protected information it provides a party.  Nothing in this
Protective Order shall entitle another party to protected information.

K.    Supplying protected information to another party does not waive privilege with
respect to any person or use outside that permitted by this Protective Order.

-22-

L.    Within ninety (90) days of the resolution of this action, and the termination of any certiorari review therefrom, all protected documents or information, and any copies thereof, provided to petitioners' counsel shall be promptly destroyed, provided that the party to whom protected information is disclosed certifies in writing that all designated documents and materials have been destroyed.

M.    Subject to paragraph 6.A., the unclassified portion of the CSRT record will be provided to counsel at the time the certified index of record is to be filed in this Court unless the government contests or challenges counsel's purported representation of the detainee through a next friend petitioner, in which case the unclassified record need not be provided to counsel pending resolution of the government's challenge and further order of the Court.

## 7. Procedures for Filing Documents

A.    Until further order of this Court, any pleadings or other document filed by a petitioner shall be filed under seal with the Court through the Court Security Officer unless the petitioner has obtained from the Court Security Officer permission, specific to a particular, routine, non-substantive pleading or

document (*e.g.*, motions for extensions of time, continuances, scheduling matters, etc.), not containing information that is or may be classified or protected, to file the pleading or document not under seal. The date and time of physical submission to the Court Security Officer shall be considered the date and time of filing with the Court. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the Government any pleading or document to be filed by petitioner that contains classified information or protected information.

The Court Security Officer shall promptly examine the pleading or document and forward it to the appropriate agencies for their determination whether the pleading or document contains classified information. If it is determined that the pleading or document contains classified information, the Court Security Officer shall ensure that portion of the document, and only that portion, is marked with the appropriate classification marking and that the document remains under seal. If it is determined that the pleading or document contains protected information, the Court Security Officer shall ensure that portion of the document, and only that portion, remains under seal. Any document filed by petitioner that is determined not to contain classified information or protected information, and is not subject to any other restrictions on disclosure,

shall immediately be unsealed by the Court Security Officer and placed in the public record. Counsel shall notify the Court in writing of the filing with the Court Security Officer. The Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

B.    Any pleading or other document filed by the Government containing classified information shall be filed under seal with the Court through the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of filing with the Court. The Court Security Officer shall serve a copy of any classified pleadings by the Government intended for service upon counsel at the secure facility.

In accord with the briefing schedule to be established by this Court, the Government will file with the Court a public version of the Combatant Status Review Tribunal administrative record, which is made up of the unclassified summary of the Combatant Status Review Tribunal and the documents in the record that do not include classified information. A complete version of the CSRT record, including the documents containing classified information, will

-25-

be filed with the Court Security Officer for use by the Court. Any departure from the practice in the foregoing two sentences will be specifically addressed by the Government in each particular case.

C.    Nothing herein shall require the Government to disclose classified or protected information. Nor shall anything herein prohibit the Government from submitting classified information or protected information to the Court in camera or ex parte in these proceedings, or entitle petitioner or petitioners' counsel access to such submissions or information. Except for good cause shown in the filing, the Government shall provide counsel for the petitioner with notice served on such counsel.

## 8.  Penalties for Unauthorized Disclosure

A.    Any unauthorized disclosure of classified information or certain forms of protected information may constitute violations of United States criminal laws and make the releaser subject to prosecution or tort action. In addition, any violation of the terms of this Protective Order shall be immediately brought to the attention of the Court, and may immediately result in a charge of contempt of Court and possible referral for criminal prosecution. See e.g., Executive

Order 12958, as amended. Persons subject to this Protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause damage to the national security of the United States or may be used to the advantage of an adversary of the United States or against the interests of the United States. Persons subject to this Protective Order are also advised that direct or indirect unauthorized disclosure, retention, or negligent handling of protected documents or information could risk the security of United States Government personnel and facilities, and other significant government interests. This Protective Order is to ensure that those authorized to receive classified information and protected information will not divulge this information to anyone who is not authorized to receive it, without prior written authorization from the original classification authority and in conformity with this Protective Order.

B.    The Government reserves the right to unilaterally take protective measures if it concludes that any provision of this protective order has been violated or if there has been unauthorized disclosure of classified information. If the Government so concludes, it may bar counsel from visiting the U.S. Naval

Base at Guantanamo Bay, Cuba; may terminate access to classified information and protected information; and may suspend or revoke security clearances. The Government may take these actions without consultation with the Court or counsel.

C.  The termination of these proceedings shall not relieve any person or party provided classified material or protected information of his, her, or its obligations under this Protective Order.

## Part Two – Initiation of Suit under Detainee Treatment Act

9.  **Petitions for Review Filed by Detainees.**

A.  If a detainee files a petition pro se (in a letter or other form), as opposed to a petition being filed by "next friend" petitioner, this Court may appoint an attorney to act as counsel or amicus on behalf of a detainee that has filed a petition for review.  Counsel appointed to a pro se petitioner will be allowed one visit to Guantanamo to meet with the detainee (for up to a total of eight hours) to offer representation on behalf of the detainee.  If the detainee has acknowledged the representation by signing Exhibit C, attached hereto, appointed counsel may then appear in this Court as counsel to the detainee,

-28-

have access to the legal mail system described herein, and will be afforded visits to the detainee (as limited under the terms below). If the detainee does not sign the acknowledgment of representation, counsel appointed by this Court may appear in this Court as amicus. Counsel appearing as amicus will not be granted further access to the detainee or be allowed to communicate with the detainee as his counsel under the procedures for sending legal mail outlined in this Order.

B.    Counsel claiming to have been directly retained by a detainee must provide DoD with written evidence, such as a signed copy of Exhibit C, establishing the attorney-client relationship.

C.    Once counsel has established an attorney-client relationship with detainee, and provided sufficient evidence thereof, under the terms set forth above, counsel will be allowed both access to the legal mail system described herein and to visit the detainee at Guantanamo Bay, Cuba a maximum of three additional times to assist in the preparation of this action under the Detainee Treatment Act, including all stages of review in this Court.

10.    **"Next Friend" Lawsuits.**

A.    The filing of a suit on behalf of a detainee by a "next friend" will not by itself entitle counsel to visit Guantanamo Bay, Cuba or communicate with a detainee as his counsel through the legal mail system described herein.   The Government expressly reserves the right to challenge "next friend" standing under *Whitmore v. Arkansas*, 495 U.S. 149 (1989), in any such case.

B.    Where the Government does not challenge the validity or legal sufficiency of the next friend petitioner, counsel will be provided one visit to Guantanamo to meet with the detainee (for up to a total of eight hours) in order to ask the detainee to sign the form attached hereto as Exhibit D, granting authorization to represent the detainee and access his CSRT records.  Prior to, or during this visit, counsel may provide the detainee with a copy of the form and may also include other relevant introductory materials.  Those materials are, however, subject to review as non-privileged materials by the Joint Task Force at the Guantanamo Naval Base (JTF-GTMO).  Such introductory materials must be limited to a reasonable quantity and must be submitted to JTF-GTMO at least 30 days prior to the visit.

C.    If the detainee signs Exhibit D, counsel will be allowed access both to the legal

mail system described herein and to visit the detainee at Guantanamo Bay,
Cuba a maximum of three additional times to assist in the preparation of this
action under the Detainee Treatment Act, including all stages of review in this
Court. If the detainee does not sign the Exhibit D, then no further visits will
be afforded, counsel will not be afforded access to the legal mail system, and
counsel's access to the CSRT record will be limited to the unclassified
material.

## Part Three – Procedures for Counsel Access to Detainee

### 11. Applicability

Except as otherwise stated herein or by other order issued by the United States
Court of Appeals for the District of Columbia Circuit, the following procedures shall
govern counsel access to detainees in the control of the Department of Defense
("DoD") at the U.S. Naval Base in Guantanamo Bay, Cuba, by counsel for purposes
of litigating the case in which this Order is issued.

### 12. Requirements for Access to and Communication with Detainees

Visits to the U.S. Naval Base are subject to delay or cancellation based upon
the security and military resource needs at the base. The Commander of the JTF-

GTMO) may suspend the privilege of visiting Guantanamo if the Commander determines there is a violation of any provision of this protective order, or in other appropriate circumstances. Any such cancellation or delay of the visit is at the sole discretion of the Commander JTF-GTMO. The Commander JTF-GTMO retains the authority to suspend or terminate any and all visits to the U.S. Naval Base.

A.    <u>Security Clearance</u>. Counsel must hold a valid current United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel). Counsel who possess a valid security clearance shall provide, in writing, the date of their background investigation, the date such clearance was granted, the level of the clearance, and the agency who granted the clearance. Access will be granted only after DoD verification of the security clearance.

B. ____Before being granted access to the detainee for visits and the legal mail system (for counsel qualified under the terms above), counsel must also agree to comply fully with these procedures set forth in this Order, and must sign an affirmation acknowledging his/her agreement to comply with them. This affirmation will not be considered an acknowledgment by counsel that the

procedures set forth in this order are legally permissible. Even if counsel elects to challenge these procedures, counsel may not knowingly disobey an obligation imposed by this Order.

C.   Prior to any visit, or access to the legal mail system, counsel must also provide DoD with a signed representation stating that to the best of counsel's knowledge after reasonable inquiry, the source of funds to pay counsel any fees or reimbursement of expenses are not funded directly or indirectly by persons or entities that counsel believes are connected to terrorism or the product of terrorist activities, including "Specially Designated Global Terrorists," identified pursuant to Exec. Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23,2001) or Exec. Order No. 12,947, 60 Fed. Reg. 5079 (Jan. 23, 1995), and that counsel has complied with ABA Model Rule 1.8(f).

## 13. Procedures for Correspondence Between Counsel and Detainee

Counsel qualified (under the terms set forth above) for participation in the legal mail system shall have access to the privileged mail system described below:

A.   <u>Mail Sent by Counsel to Detainee ("Incoming Mail")</u>

   i.   Counsel shall send incoming legal mail and any secondary materials for

-33-

a detainee to the DoD privilege team at the appropriate address provided by Government counsel. Each envelope or mailer shall be labeled with the name of the detainee and shall include a return address for counsel sending the materials. Legal mail and secondary materials shall be separated and included in separate envelopes. The outside of the envelope or mailer for incoming legal mail shall be labeled clearly with the following annotation: "Attorney-Detainee Materials-For Mail Delivery to Detainee." The outside of the envelope or mailer that includes secondary materials will be labeled clearly with the following annotation: "Attorney-Detainee-Secondary Materials-For Mail Delivery to Detainee."

ii.    Each page of legal mail shall be labeled "Attorney-Detainee Materials." Each page of secondary materials shall be labeled "Secondary Materials." No staples, paper clips or any non-paper items shall be included with the documents. Legal mail and secondary materials that together do not exceed 100 pages in total per month for a detainee will receive "priority processing" as described below in parts iv.a and v.a.

iii.    Upon receiving legal mail or secondary materials from counsel for delivery to the detainee, the DoD privilege team shall open the envelope

or mailer to search the contents for prohibited physical contraband. The DoD privilege team shall return to the sender any materials that do not comply with the terms of §§ 13.A.i & ii.

iv.    Secondary material shall be subject to both review and to security and contraband screening, including possible redaction, by the DoD Privilege Team.

a.    Such review shall be conducted as soon as practicable from the time of receipt by the DoD privilege team. Secondary materials that receive "priority processing" will be reviewed within 10 business days for information that is written in the English language and 15 business days for information that includes information written in any language other than English, to allow for translation. Additional secondary materials will be reviewed as resources allow. Within the applicable time frame, the secondary materials that are determined to be appropriate for forwarding to the detainee shall be forwarded to military personnel at GTMO in a sealed envelope marked "Secondary Materials Approved by DoD privilege team" and clearly indicating the identity of the detainee to which the legal mail is to

be delivered.

b.    Counsel shall be notified with respect to secondary materials that, upon review, will be redacted or screened out.

c.    In the event a dispute regarding the screening or redaction of material cannot be resolved and counsel pursue Court intervention regarding the matter, the DoD privilege team may disclose the material at issue to a Special Litigation Team, as addressed above in section 4, and may also disclose the material at issue to the Commander, JTF-GTMO, and/or his representatives, including attorneys for the Government. Prior to seeking Court intervention, counsel may authorize the Privilege Team to so disclose the secondary material in order to attempt to facilitate resolution of a dispute.

d.    Counsel shall not convey to a detainee material, including information redacted or screened out or designated for such redaction or screening out, absent consent of DoD privilege team or the Government or authorization by the Court.

v.    Documents marked "legal mail" by counsel shall be subject to content

review and security and contraband screening by the DoD Privilege Team.

a.    Such review shall be conducted as soon as practicable from the time of receipt by the DoD privilege team. Documents marked "legal mail" that receive "priority processing" will be reviewed within 5 business days for information that is written in the English language and 10 business days for information that includes information written in any language other than English, to allow for translation. Additional documents marked "legal mail" will be reviewed as resources allow. Within the applicable time frame, the materials that are determined to be appropriate for forwarding to the detainee shall be forwarded to military personnel at GTMO in a sealed envelope marked "Legal Mail Approved by DoD privilege team" and clearly indicating the identity of the detainee to which the legal mail is to be delivered.

b.    Counsel shall be notified with respect to legal mail that, upon review, will be redacted or screened out.

c.    In the event a dispute regarding the screening or redaction of material cannot be resolved and counsel pursue Court

intervention regarding the matter, the DoD privilege team may disclose the material at issue to a Special Litigation Team as addressed above in section 4.

d.     Counsel shall not convey to a detainee material, including information redacted or screened out or designated for such redaction or screening out, absent consent of DoD privilege team or the Government or authorization by the Court.

vi.     Within three (3) business days of receipt of legal mail and secondary materials from the DoD privilege team, personnel at GTMO shall deliver the envelope or mailer to the detainee without opening the envelope or mailer. The detainee shall be responsible for mailing any confirmation of delivery to counsel as outgoing legal mail.

vii.     Written correspondence to a detainee not falling within the definition of legal mail or secondary materials shall be sent through the United States Postal Service to the appropriate address provided by Government counsel. These non-privileged communications will be reviewed by military personnel at GTMO under the standard operating procedures for detainee non-legal mail. Counsel is responsible for reviewing and removing these from legal mail.

viii.   Counsel is required to treat all information learned from a detainee, including any oral and written communications with a detainee, as classified information, unless and until the information is submitted to the DoD privilege team and determined to be otherwise by the DoD privilege team or by this Court or another court.  Accordingly, if a counsel's correspondence contains any summary or recitation of or reference to a communication with a detainee that has not been previously determined to be unclassified, the correspondence shall be prepared, marked, transported and handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information and Security Supplement to DOD Regulation 5200.1R.

ix.    While conducting its classification and status review of the materials, the DoD privilege team shall promptly report any information that reasonably could be expected to result in immediate and substantial harm to the national security to the Commander, JTF-GTMO. In his discretion, the Commander, JTF-GTMO may disseminate the relevant portions of the information to law enforcement, military and intelligence officials as appropriate.

-39-

x.    If, at any time, the DoD privilege team determines that information in the documents submitted for review relate to imminent acts of violence, the DoD privilege team shall report the contents of those documents to Commander, JTF-Guantanamo.   In his discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials.

B.    Mail Sent by Detainee to Counsel ("Outgoing Mail")

i.    Detainees will be provided with paper to prepare legal mail communications to counsel. In the presence of military personnel, the detainee will seal the written communication into an envelope and it will be annotated as "Attorney-Detainee Materials-For Mail Delivery To Counsel." Each envelope shall be labeled with the name of the detainee and the counsel.  Any outgoing mail will presumptively be treated as classified information.  Envelopes annotated with the name of persons other the detainee's counsel (including family/friends or other attorneys) shall be processed according to the standard operating procedures for detainee non-legal mail.

ii.    Military personnel will collect the outgoing legal mail within three (3) business days of being notified by the detainee that the communication

is prepared for sealing and mailing.

iii.   After the outgoing legal mail is collected from the detainee, the envelope will be sealed into a larger envelope by military personnel at Guantanamo which will be marked as "Attorney-Detainee Materials-For Mail Delivery To Counsel" and will be annotated with the name of the detainee and the counsel. The envelope will be sealed and mailed in the manner required for classified materials. Within three (3) business days of receipt from the detainee, the communication will be mailed to the appropriate address as provided by Government counsel.

iv.   Non-legal mail communications from detainees, including written communications to persons other than counsel, are to be sent through the United States Postal Service and are subject to ordinary review by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail.

v.   In the event any non-legal correspondence or messages from a detainee to individuals other than his counsel (including but not limited to family/friends or other attorneys) or communications not generated by the detainee (*e.g.*, notes from other detainees) are sent to counsel as, or included with, legal mail, counsel shall return the documents to military

-41-

personnel at GTMO for processing according to the standard operating procedures for detainee non-legal mail.

### 14. Materials Brought Into A Meeting With Detainee And Counsel

A.    Counsel shall bring only writing utensils and blank paper into any meeting with a detainee unless counsel has received prior approval from the Commander, JTF-GTMO. The Commander shall not unreasonably withhold approval for counsel to bring into a meeting with a detainee letters, tapes, or other communications introducing counsel to the detainee, if the Government has first reviewed the communication and determined that the communication does not fall into the category of items defined in § 2.J.iii, above or does not otherwise threaten the security of the United States. Non-privileged material that counsel seeks to bring into a meeting with the detainee may be provided to the Commander, JTF-GTMO in advance of counsel's travel to the address provided by Government counsel for review by the Commander, JTF-GTMO. Review of this material will be conducted as resources allow, but there is no guarantee that non-privileged material will be processed and approved for hand delivery to the detainee in advance of the visit. Nonetheless, providing material in advance will speed up processing and increase the likelihood that

material requested will be allowed to be carried into a meeting with the detainee. Material hand carried to GTMO without prior approval may or may not be processed for release to the detainees.

B.    All legal mail and secondary materials that counsel seeks to bring to a meeting with a detainee must be processed pursuant to the procedures set out in § 13.A for the review of legal mail and secondary materials. The page length of materials submitted for review under this section will be included along with the page length of all other legal mail and secondary materials submitted under § 13.A in determining whether the 100 page per month "priority processing" limit has been surpassed. The time limits described in § 13.A will apply to materials submitted under this section in cases where the material qualifies for "priority processing." When the "priority processing" limit has been surpassed, materials submitted under this section will be reviewed as resources allow. In submitting such materials to the DoD privilege team, counsel will separate legal mail from secondary materials, seal them in separate envelopes, and will mark clearly on the envelope either "Legal Mail – For Hand Delivery to Detainee by Counsel" or "Secondary Materials – For Hand Delivery to Detainee by Counsel." Once material is reviewed by the DoD privilege team,

each page will be stamped "Legal Mail and Secondary Materials Reviewed for Hand Delivery to Detainee by Counsel." Counsel may then carry those stamped materials to GTMO and the Commander, JTF-GTMO, after confirming that the materials are stamped as indicated above, will ordinarily allow counsel to bring stamped materials into the meeting with the detainee.

## 15. Materials Brought Out Of A Meeting With Detainee and Counsel

A.    Upon the completion of each meeting with a detainee or during any break in a meeting session, counsel will give the notes or documents used or produced during the meeting to a designated individual at Guantanamo. These materials will be sealed in the presence of counsel and will be handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

B.    Upon the completion of the counsel's visit to Guantanamo, the notes or documents used or produced during the visit shall be sealed in the presence of counsel and placed in an envelope labeled as "Attorney-Detainee Meeting Documents–For Delivery to Counsel." The envelope shall be sealed into a larger envelope by military personnel at Guantanamo which shall be marked

as "Attorney-Detainee Meeting Documents-For Mail Delivery To Counsel" and shall be annotated with the name of the detainee and the counsel. The envelope shall be sealed and mailed in the manner required for classified materials. Within two (2) business days following the completion of the counsel's visit to Guantanamo, the package shall be mailed to the appropriate address provided by Government counsel. Counsel to the detainee will then be allowed to review the material at the secure facility.

C.   Correspondence or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) communications not generated by the detainee/client, and other communications that are not legal mail shall not be handled through this process. Rather, such matters must be processed as non-privileged mail by JTF-GTMO. If during the review of material submitted by counsel , such non-privileged material is identified by the DoD privilege team, the material will not be further processed by the privilege team. The non-privileged material will be held at the secure facility and counsel will be notified. Counsel can then, elect to send the material back to JTF-GTMO for processing as non-privileged mail.