D.     Oral messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) shall not be communicated directly by counsel absent review by JTF-GTMO. If counsel wishes to communicate such messages, counsel must memorialize the messages in writing (at Guantanamo or at the secure facility) and then submit the written messages to JTF-GTMO for review as non-privileged mail. Counsel may request that such messages, to the extent cleared by JTF-GTMO, be returned to counsel's office for forwarding to the intended recipient.

## 16. Classification And Status Determination of Detainee Communications

A.     All materials sent by a detainee to counsel or brought out of a meeting by a detainee by counsel will be presumptively treated as classified and will be maintained at the secure area described in § 2.F of the applicable protective order.

B.     Counsel may submit information learned from a detainee to the DoD privilege team for an intelligence and security review which may result in a determination of its appropriate security classification and whether it contains protected material. Counsel shall memorialize the information submitted for

classification and status review into a written memorandum outlining as specifically as possible the information for which counsel requests a classification determination. All documents submitted for classification and status review shall be prepared, handled and treated in the manner required for classified materials, as provided by as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

C.  Materials provided by counsel to the DoD privilege team must be in legible handwriting or transcribed by typewriter or computer. Materials that the Government determines are not legible will be returned to the secure area and counsel will be required to transcribe those materials into type-written form. Materials that are not in English must be accompanied by an English translation. Each page of the document submitted for classification review shall be marked "Attorney-Detainee Materials" and "Classified." The envelope or mailer will be sealed and mailed in the manner required for classified materials. Materials that do not comply with these requirements will not be processed, and will be returned to counsel within five (5) business days.

D.  As soon as possible after conducting the classification and status review, the DoD privilege team shall advise counsel of the classification levels of the information contained in the materials submitted for review. For that material that does not fall under privilege or is outside the scope of communications as specified herein, the DoD privilege team will memorialize the reasons why such material is not processed or released. In the event a dispute regarding the release of material cannot be resolved and counsel pursue Court intervention regarding the matter, the DoD privilege team may disclose the material at issue to a Special Litigation Team as addressed above in section 4. The DoD privilege team shall forward its classification determination directly to counsel after a review and analysis period which should not exceed, from the time of receipt by the DoD privilege team:

i.  Fifteen (15) business days for information that is written in the English language;

ii.  Twenty (20) business days for any information that includes writing in any language other than English, to allow for translations by the DoD privilege team (counsel must also submit this material accompanied by a translation);

iii.  Twenty-five (25) business days for any information where the DoD

privilege team has reason to believe that a code was used, to allow for further analysis.

iv.   Material which requires special analytic tools or processing or specialized expertise not resident on the DoD privilege team will be identified and the DoD privilege team may request counsel waive privilege to allow further processing. If privilege is not waived, such material may not be removed from the secure facility.

E.   While conducting classification review, the DoD privilege team shall promptly report any information that reasonably could be expected to result in immediate and substantial harm to the national security to the Commander, JTF-Guantanamo. In his discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials as appropriate.

F.   If, at any time, the DoD privilege team determines that information in the documents submitted for classification review relate to imminent acts of violence, the DoD privilege team shall report the contents of those documents to Commander, JTF-Guantanamo. In his discretion, the Commander,

-49-

JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials.

G.    If the DoD privilege team determines that counsel has violated the applicable protective order, it shall report the suspected violation to the Court. The DoD privilege team will also report, without revealing any privileged information, the fact of a suspected violation and any information relating to it that can be reported without revealing privileged information to the Commander, JTF-Guantanamo.

H.    The DoD privilege team shall not disclose any information submitted by counsel for classification review outside the DoD privilege team, except as provided by these procedures,  as permitted by counsel submitting the information, or authorized by this Court.

**17. Telephonic Access to Detainee**

A.    There is no right to telephonic access to a detainee. Requests for telephonic access to the detainee by counsel or other persons may be considered on a case-by-case basis due to special circumstances and must be submitted to the

-50-

Commander, JTF-Guantanamo.

B.    Any telephonic access by counsel will be subject to appropriate security procedures, which may include, *inter alia*, contemporaneous monitoring by the DoD privilege team.

## 18. Counsel's Handling And Dissemination Of Information From Detainee

A.    Counsel may disseminate the unclassified contents of the detainee's communications for purposes reasonably related to their representation of that detainee in the instant case, to the extent it does not disclose protected information.

B.    Counsel is required to treat all information learned from a detainee, including any oral and written communications with a detainee, as classified information, unless and until the information is submitted to the DoD privilege team and determined to be otherwise. All classified material must be handled, transported and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

C.    Counsel shall disclose to Government counsel or Commander, JTF-Guantanamo any information learned from a detainee involving future events that threaten national security or involve imminent violence.

D.    Counsel may not divulge classified information or protected information not learned from the detainee to the detainee.  Counsel may not otherwise divulge classified information or protected information related to a detainee's case to anyone except to other counsel working on the same case and possessing the requisite security clearance and need to know using a secure means of communication.

**19. JTF-Guantanamo Security Procedures**

A.    Counsel and translators/interpreters shall comply with the following security

procedures and force protection safeguards applicable to the U.S. Naval Base

in Guantanamo Bay, Cuba, JTF-Guantanamo and the personnel assigned to or

visiting these locations.

B.    Contraband is not permitted in JTF-Guantanamo and all visitors are subject to

search upon arrival and departure. Examples of contraband include, but are not

limited to, weapons, chemicals, drugs, and materials that may be used in an

escape attempt. Contraband also includes money, stamps, cigarettes, writing

instruments, etc. Attempts to transmit, communicate, or convey documents or

information that is not legal mail, as defined in section 2.J, above, through the

channels for transmitting, communicating, or conveying legal mail, will also

be considered a violation of the ban on contraband. No items of any kind may

be provided to the detainee without the advance approval of the Commander,

JTF-Guantanamo.

C.    Photography or recording of any type at the entire U.S. Naval Base at

Guantanamo Bay, Cuba is prohibited without the prior approval of the

-53-

Commander, JTF-Guantanamo. All recording devices, cameras, pagers, cellular phones, PDAs, laptops, portable electronic devices and related equipment are prohibited in or near JTF-Guantanamo. Should any of these devices be inadvertently taken into a prohibited area, the device must be surrendered to JTF-Guantanamo staff which may at its discretion purge of all information.

D.    Upon arrival at JTF-Guantanamo, security personnel will perform a contraband inspection of counsel and translators/interpreters using metal detectors as well as a physical inspection of counsel's bags and briefcases and, if determined necessary, a physical inspection of his/her person.

E.    Counsel shall not be permitted to interview or question members of the Joint Task Force about their duties or interactions with detainees without first obtaining permission from the Commander, JTF-Guantanamo.

F.    Counsel will meet with a detainee in conference facilities provided by GTMO. These facilities are subject to visual monitoring by closed circuit TV or visual observation through an open door for safety and security reasons.

-54-

G.    At the conclusion of a meeting with a detainee, counsel and translators/interpreters will again be inspected using a metal detector and, if deemed necessary, by physical inspection of their persons.

H.    Violations of any of these procedures and rules will permit the Commander of JTF-GTMO to terminate the privilege of visiting JTF-GTMO and deny counsel access to the legal mail system set forth herein. Violations of any of these procedures and rules also provides grounds for revocation of counsel's security clearance, and may also provide grounds for possible contempt and criminal sanctions.

I.    Nothing in this order shall limit the authority of the Commander of JTF-GTMO to require the imposition of additional security procedures, relating to access to the detainee and the legal mail process, based on the security needs and military resources at the Base.


IT IS SO ORDERED.


_____, 2006

# Exhibit A

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| HAJI BISMULLAH, et al. | ) )  ) |
| Petitioners | ) ) |
| DONALD H. RUMSFELD,<br>Secretary of Defense | )  )  ) |
| Respondent | )  ) ) |

No.   06-1197

MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO
CLASSIFIED NATIONAL SECURITY INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12958; I understand that I may be the recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States Government. In consideration for the disclosure of classified information and documents:

1) I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States Government, or as expressly authorized by the Protective Order entered in the Bismullah v. Rumsfeld, No. 06-1197.

2) I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.

3) I have received, read, and understand the Protective Order entered by the United States Court of Appeals for the District of Columbia Circuit in the case captioned Bismullah v. Rumsfeld, No. 06-1197, and I agree to comply with the

provisions thereof.

_____          _____
                                          Date


# **Exhibit B**

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States Court of Appeals for the District of Columbia Circuit in the case captioned Bismullah v. Rumsfeld, No. 06-1197, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any protected information or documents made available to him/her other than as provided by the Protective Order. The undersigned acknowledges that his/her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.


DATED: _____    BY: _____
       (type or print name)

SIGNED:_____

**Exhibit C**

## ACKNOWLEDGMENT OF REPRESENTATION

1.      A Combatant Status Review Tribunal (CSRT) has determined that you are an enemy combatant.  Because you are an enemy combatant, the United States may continue to detain you.

2.      Under a new law, the Detainee Treatment Act, you may challenge in a United States court the CSRT's determination that you are an enemy combatant.

3.      An attorney, _____, seeks your authorization to represent you and file a petition for review on your behalf under the Detainee Treatment Act.  If you sign this form, the above attorney will represent you.  If you sign this form, the attorney will also be allowed to visit you and will be granted access to the record of your Combatant Status Review Tribunal case.

I, _____, authorize

_____ to represent me and file a petition for review under the Detainee Treatment Act.

Signed: _____
                        (sign name)


Name:_____
                        (print name)
Date:_____

**Exhibit D**

## Notification and Statement

1.  You have been found to be an enemy combatant by Combatant Status Review Tribunal. You may seek court review of that decision in a court of the United States. You may obtain such review by filing a petition for review under the Detainee Treatment Act in the court yourself. You can also ask a family member, friend, or lawyer to file a petition on your behalf. To date, you have not filed a petition for review under the Act yourself.

2.  A petition for review has been filed on your behalf by _____, who claims to be acting on your behalf. The attorney appearing on behalf of _____ is _____.

3.  You may authorize this filing on your behalf and representation by _____ by signing the form below. If you sign this form, the above attorney will be allowed to visit you and will be granted access to the record of your Combatant Status Review Tribunal case. If you do not sign the form, court review may continue without your involvement and with limited access to the record by the attorney.

I, _____ , authorize this

filing on my behalf and grant the counsel listed above access to the record of my

Combatant Status Review Tribunal case.


Signed: _____
                    (sign name)


Name:_____
                    (print name)


Date:_____