FILED WITH THE
COURT SECURITY OFFICER
CSO: A Straus
DATE: 7/22/09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAMID AL RAZAK, et al.,

    Petitioners,

v.

BARACK H. OBAMA, et al.,

    Respondents.

Civil Action No. 05-1601 (GK)

### ORDER

A Motions Hearing was held in this case on July 21, 2009, which took place in a sealed courtroom due to the discussion of classified information. Upon consideration of Petitioner Razak's Motion to Compel Compliance With the Court's Case Management Order [Dkt. No. 206], the Opposition, Reply, representations of the parties, and the entire record herein, it is hereby granted in part and denied in part.

As to Section IV of Petitioner's Motion, it is hereby

**ORDERED**, that Request No. 1 is **granted in part**. The Government is required to search for the names of the anonymous sources,[1] and then search for exculpatory evidence related to those names, including credibility assessments pertaining to the

---

[1] Said names are not required to be produced to Petitioner.

■

statements they gave upon which the Government relies; and it is further

**ORDERED**, that Request No. 2 is **denied without prejudice**. The document request must be viewed in the context of the Government's certification that it has complied with its obligations under § I.D.1 of the Court's Case Management Order ("CMO"). Given this fact, the request sweeps too broadly, creates a substantial burden on the Government, and is based on a premise of pure speculation. This request is properly brought, if at all, under § I.E.2 of the CMO; and it is further

**ORDERED**, that Request No. 3 is **denied without prejudice**; and it is further

**ORDERED**, that Request No. 4 is **denied without prejudice**. The timeline requested, if it exists, does not tend to materially undermine allegations brought by the Government. This request is properly brought, if at all, under § I.E.2 of the CMO; and it is further

**ORDERED**, that Request No. 5 is **denied without prejudice**. The requested information does not fall within the confines of § I.D.1; and it is further

**ORDERED**, that Request No. 6 is **granted**, pursuant to § I.D.1 of the CMO. See Order at 3-4, Abdah v. Obama, Civ No. 04-1254 (HHK) (D.D.C. Apr. 8, 2009) [Dkt. No. 477]; and it is further

-2-

██████

**ORDERED**, that Request No. 7 is **denied without prejudice**. This request is properly brought, if at all, under § I.E.2 of the CMO; and it is further

**ORDERED**, that Request No. 8 is **denied**. The requested information does not tend to materially undermine allegations brought by the Government, and therefore does not fall within the confines of § I.D.1; and it is further

**ORDERED**, that Request No. 9 is **granted**, pursuant to the Court's Order with respect to Request No. 1; and it is further

**ORDERED**, that Request No. 10 is **granted in part**. The Government shall first determine whether any such "action reports" were created regarding Petitioner's arrest. If they were, the Government shall then conduct a search of such reports for exculpatory evidence, pursuant to § I.D.1 of the CMO.

As to Section V of Petitioner's Motion, it is hereby

**ORDERED**, that Request Nos. 1-5[2] are **granted**. These requests all deal with the issue of what information the Government actually "relies" on to justify Petitioner's detention. The Petitioner maintains that particular underlying documents referenced in already-produced intelligence reports are the foundation of certain

---

[2] Petitioner erroneously double-designated Request No. 4. The request pertaining to "records of interrogations where Petitioner allegedly provided inconsistent information" is properly designated as No. 5. The Court will re-number this and subsequent requests appropriately.

-3-

claims against the Petitioner. The Government argues that those underlying documents are not the "documents or objects," under § I.E.1(1), that it relies on to justify detention; rather, it argues, the already-produced intelligence reports are being relied on, and any internal references to other documents are not automatically discoverable.

The CMO requires the Government to produce, if requested, "any documents or objects in its possession that the Government relies on to justify detention." CMO at § I.E.1(1). These five requests involve scenarios where the Government has produced an intelligence report that references the substance of another particular document or object (e.g. an intelligence report that references a photograph identified by the Petitioner) in order to justify its detention of the Petitioner. In these scenarios, therefore, the Government does indeed rely on the substance of the underlying documents and objects. It is not enough that the Government produce intelligence reports that merely describe or reference the underlying items; it must produce the particular documents relied on in those intelligence reports; and it is further

**ORDERED**, that Request No. 6 is **granted**, pursuant to § I.E.1(2) of the CMO. See Order, Zaid v. Bush, 596 F. Supp. 2d 11 (D.D.C. 2009) (JDB); and it is further

-4-

▬

**ORDERED**, that Request No. 7 is **denied**. In light of the Government's representation that the referenced intelligence report does not contain any statement by Petitioner upon which the Government relies to justify his detention, the request does not fall within the confines of § I.E.1(1) of the CMO; and it is further

**ORDERED**, that Request No. 8 is **denied**. The requested information does not fall within the confines of § I.E.1 of the CMO; and it is further

**ORDERED**, that Request No. 9 is **denied**. The requested information does not fall within the confines of § I.E.1(2) of the CMO.

As to Section VI of Petitioner's Motion, it is hereby

**ORDERED**, that Petitioner's request that the Court review redacted documents <u>in camera</u> and <u>ex parte</u> is **denied**. The Government has certified that none of the documents in question support "a determination that Petitioner is not an enemy combatant." Gov. Opp'n to Pet's. Mot. to Compel at 38. Moreover, the Government also represents that it does not rely upon any information redacted from those documents. Consequently, the information does not fall within the confines of § I.E.1(1) of the CMO. In addition, <u>Al Odah v. United States</u>, 559 F.3d 539 (D.C. Cir. 2009), upon which Petitioner relies, addressed a very

-5-

▆

different factual and legal scenario, and is therefore distinguishable from this case.

_____          /s/ Gladys Kessler
July 22, 2009                    Gladys Kessler
                                 United States District Judge

<u>Copies to</u>: Attorneys of Record via ECF

-6-